THE MAYOR AND COUNCIL OF THE BOROUGH OF RIDGE-FIELD, IN THE COUNTY OF BERGEN, v. WILLIAM H. GOODDAY, ASSESSOR OF THE SAID BOROUGH OF RIDGEFIELD.

Argued February 20, 1900—Decided June 11, 1900.

1. The "true transcript or duplicate of the assessment of taxes" that the assessor is required by *Gen. Stat., p.* 3309, *pl.* 140, to deliver to the collector, must show the assessment as revised and corrected by the township committee or town, borough or city council, under *Gen. Stat., p.* 3301, *pl.* 93, 98 ; *p.* 3321, *pl.* 201, 203, where applicable, and completed by the general meeting of assessors, under *Gen. Stat., p.* 3309, *pl.* 140.

2. In boroughs, as now governed by *Pamph. L.* 1897, *p.* 285, the provisions of the tax laws above cited are applicable.

---

On *mandamus.*

Before Justices DIXON, LUDLOW and COLLINS.

For the relator, *Samuel H. Wright* and *Charles C. Black.*

For the respondent, *Peter W. Stagg.*

The opinion of the court was delivered by

COLLINS, J. A rule, granted relator, requires the respondent, assessor of the borough of Ridgefield, in the county of Bergen, to show cause why he should not be enjoined, by *mandamus,* to deliver to the collector of the borough the duplicate of assessment of taxes for the year 1899. The dispute is over his contention that he has already done so.

Taxes in boroughs are levied and collected according to the general laws of the state. *Pamph. L.* 1897, *p.* 307, § 45.

Under "An act concerning taxes," approved April 14th, 1846 (*Gen. Stat., p.* 3282), and its supplements, every assessor is presumed to keep a tax-book in which he makes his assessment. By section 12 of the supplement of April 11th, 1866 (*Gen. Stat., p.* 3296, *pl.* 72), when money is directed to be assessed for state or county purposes, each assessor is required to produce at a general meeting of all the assessors of the county, now held annually on the first Tuesday of September (*Gen. Stat., p.* 3315, *pl.* 175), a "duplicate of the value of real and personal estate to be by him assessed, with the amount of each column and the total of all the columns correctly added together," and an affidavit of diligent inquiry and fair valuation. By section 13, as now amended (*Gen. Stat., p.* 3309, *pl.* 140), the assessors at such meeting may, after due procedure, add such percentage as seems just to the valuation of the property contained in any duplicate that has been valued relatively less than other property in the county, and "each of said assessors shall, within fifteen days after said meeting, deliver to the collector, whose duty it is to collect the taxes by him assessed, a true transcript or duplicate of the assessment of taxes for the said township (or ward), completed as herein directed, and by him certified under his hand to be a true duplicate of the taxes assessed."

The assessor of Ridgefield has delivered to the collector of that borough a book, certified as the duplicate required by law to be furnished; but the contention of the relator is that this book shows only the assessor's own valuations and ignores certain changes made under authority of law. By the supplement of April 11th, 1867, to the Tax act (*Gen. Stat., p.* 3301),

all assessors are required to finish their assessments on or
before the third Monday in August in each year, and the town-
ship committee of each township and the common council of
each town, borough and city in the state, not controlled on
.this subject by charter or special law, is required to meet on
the third Tuesday in August for the purpose of examining,.
revising and correcting the duplicate assessment which the
assessor is, by the same statute, required to lay before such
body. Testimony may be taken and adjournments ·may be·
had, provided the examination, revision and correction shall
be completed on or before the last Saturday in August. A
further supplement, approved March 22d, 1895 (*Gen. Stat., p.*
3321), changes the time for holding this meeting to the·
second Tuesday of July and for completion of revision ·to·
the third Tuesday in July. Nothing is said as to the time
within which assessors must finish their assessments, but, by
implication, they must do so before the meeting at which·
their work is to be examined. This statute is limited, in
terms, to townships; but the General Borough act of 1897 not
only has the provision above cited, making applicable the
general tax laws, but also an express provision that the as-
sessor shall, at the same time as is required of township
collectors, deliver his duplicate of assessment to the borough·
council "for revision, addition and correction (as provided by
law)." *Pamph. L., p.* 292, § 16. It has been adjudged by
this court that this authority for revision is plenary and as-
extensive as that of the assessor himself, and that included in
it is power to add names to the list of taxpayers and increase·
or diminish the amount of property taxed and its valuation.
The assessor is still to do his work as before, but his work
does not become an assessment until it has passed through the·
hands of the committee or council. *Vanderpool* v. *Bonnell,*
20 *Vroom* 317. A fair construction of the whole legislation is·
that it is the revised duplicate that must be laid before the
general meeting of the assessors, and the prescribed affidavit
of the assessor must, in case of a revision, be framed so as to·
fit the case. It follows, therefore, that where the above legis-
lation is applicable the "true transcript or duplicate of the·

assessment of taxes * * * completed as herein directed," which the thirteenth section of the General Tax law of 1866 requires the assessor to certify and deliver to the collector, must be a document that will show the assessment as revised and corrected by the township committee, or town, borough or city council, with the percentage, if any, added by the general meeting of the assessors.

The proofs submitted to us are not very specific, but it is quite clear that the borough council made numerous changes in the assessment. Most of the argument for the respondent was devoted to the proposition that the assessor need not deliver to the collector the identical paper-writing that he laid before the council and on which they made their corrections. Perhaps not; that is an altogether unimportant detail; what must be delivered is a transcript or duplicate of the *completed assessment*. The respondent has not been called as a witness, and while the testimony in his behalf is evasive, I gather from the proof and the brief of his counsel that what he delivered to the collector was a duplicate of his original assessment.

Let the rule be made absolute, with costs, and a peremptory *mandamus* issue in accordance with this opinion.