THE TOWNSHIP OF WASHINGTON, IN THE COUNTY OF MERCER, v. MERCER COUNTY BOARD OF TAXATION ET AL.

Argued November 5, 1913—Decided March 4, 1914.

1. The Tax act (4 *Comp. Stat.*, § 370) delegates to the county board of taxation no power to fix tax rates in a township.
2. Exclusive of the power to hear and determine appeals, the power of the county board over local assessments is, after investigation, to revise, correct and equalize the assessed value of property in their respective taxing districts.

On *certiorari* to Mercer county board of taxation.

Before Justices GARRISON, TRENCHARD and MINTURN.

For the prosecutor, *Linton Satterthwaite.*

For the defendants, *Samuel C. Kulp* and *Martin P. Devlin.*

The opinion of the court was delivered by

MINTURN, J. Washington township, in the county of Mercer, having by its assessor fixed the valuation of the ratables in the township for 1912, caused the same to be transmitted to the county board of taxation, as required by 4 *Comp. Stat.*, § 37s, *p.* 5118.

The act referred to provides that the county board may "after investigation, revise, correct and equalize the assessed value of all property in their respective taxing districts." *Ibid.* Having made such changes as in their judgment may be necessary for the purpose aforesaid, the act provides:

"The county board of taxation (4 *Comp. Stat.*, § 37w, *p.* 5119) shall 'enter all charges or additions on the various tax lists and duplicates, and shall, upon ascertaining the total amount of tax to be raised from the property in each taxing district in their respective counties, cause each assessor to enter in appropriate columns upon the said tax lists and

duplicates for his respective taxing district, the net value assessed to each person for both real and personal property; the rates per dollar which shall be such as according to the valuation on the duplicate will be sufficient to produce the sum required,' 'and shall, on or before the first day of October in each year cause such duplicates, complete and certified by the said board to be a true record of the taxes assessed, to be delivered to the respective collectors of the various taxing districts in their respective counties, and the said tax list shall remain in the office of such boards as a public record.' "

In this instance the county board did more than appears to be authorized by this delegation of power, and that action presents the ground for appeal to this court upon this writ.

They returned the duplicate of the township assessor without attempting any change in the valuations fixed by him. Finding it necessary in their judgment to equalize in the various taxing districts of the county, the state school and county taxes, they by letter on December 17th, 1912, signed by all the members of the board, and directed to the clerk, assessor and collector of the township, certified that they had "fixed the following rates for the year 1912: State school rate, $0.24239; county rate, $0.42094; local rate, $1.15; total rate, $1.82." ·

This result they certified was obtained by adding *en bloc* a state school assessment of $2,365.48, and a county assessment of $4,107.78 to the local budget.

It will be observed that what the county board did in this instance was to fix the local rate upon an assessment in nowise revised, corrected or equalized by them. The practical effect of this, of course, was to increase the total valuations imposed upon the rate payers, without any attempt at an equitable distribution of the burden upon which the rate payer had a legal right to be heard, and if necessary from which to appeal.

Such was the practical difficulty inherent in the process. The legal difficulty which to us seems quite manifest is that nowhere in the legislative provisions governing the powers

and duties of the county tax board are we able to discover any power conceded to the county board to fix tax rates. Exclusive of the power to hear and determine appeals (4 *Comp. Stat., p.* 5120) their power consists in the duty of revising, correcting and equalizing assessments, for the purpose of fixing valuations upon which, in view of the public requirements, a tax rate must necessarily result and be fixed by the local body empowered for that purpose. Their powers are entirely statutory, and their acts necessarily must consist with the powers thus delegated, or with such powers as, *ex necessitate,* arise out of and from the express provisions of the act prescribing their powers and duties.

For these reasons the resolution of the county board authorizing the assessment and levy of the tax rate in question, and the assessment and levy itself, and the proceedings thereunder, must be vacated.