STATE BOARD OF TAX APPEALS.

CITY OF NEW BRUNSWICK, PETITIONER, v. UPSILON
CHAPTER OF DELTA PHI FRATERNITY OF RUTGERS
UNIVERSITY, RESPONDENT.

———

CITY OF NEW BRUNSWICK, PETITIONER, v. DELTA OF
CHI PHI ASSOCIATION, RESPONDENT.

———

CITY OF NEW BRUNSWICK, PETITIONER, v. ALPHA PSI
CHAPTER HOUSE ASSOCIATION, RESPONDENT.

———

CITY OF NEW BRUNSWICK, PETITIONER, v. ALPHA RHO
ALUMNI ASSOCIATION, RESPONDENT.

———

CITY OF NEW BRUNSWICK, PETITIONER, v. ALUMNI AS-
SOCIATION OF DELTA CHAPTER OF THE ZETA PSI
FRATERNITY OF NORTH AMERICA, RESPONDENT.

———

CITY OF NEW BRUNSWICK, PETITIONER, v. THE GAMMA
UPSILON CHAPTER OF KAPPA SIGMA, RESPONDENT.

———

CITY OF NEW BRUNSWICK, PETITIONER, v. NU BETA OF
PHI GAMMA DELTA, RESPONDENT.

———

CITY OF NEW BRUNSWICK, PETITIONER, v. RUTGERS AS-
SOCIATION OF BETA THETA PI, RESPONDENT.

Decided March 5, 1940.

For the city of New Brunswick, *Paul W. Ewing* (by *William E. Danberry*).

For the Gamma Upsilon Chapter of Kappa Sigma and Delta of Chi Phi Association, *John B. Molineux*.

For Upsilon Chapter of Delta Phi Fraternity of Rutgers University, *Henry C. Berg*.

For Rutgers Association of Beta Theta Pi, *Boyce S. Thompson*.

For Alpha Rho Alumni Association and Alpha Psi Chapter House Association of Phi Kappa Alpha, *A. Dudley Watson*.

For Alumni Association of Delta Chapter of the Zeta Psi Fraternity of North America, *Newton H. Porter, Jr.*

For Nu Beta of Phi Gamma Delta, *Harold Higgins*.

QUINN, President. This is a motion by the city of New Brunswick for the reinstatement by the board, for hearing and disposition on the merits, of certain petitions of appeal duly filed by the city from judgments of the Middlesex County Board of Taxation, adjudging the real and personal property of the several respondents situated in said taxing district, and assessed by it for taxation for the year 1937, exempt therefrom for said year. These appeals were formally withdrawn

by counsel for petitioner, in open court, with the approval of the board, and in the presence of counsel for respondents, on May 8th, 1939. The basis for the motions before us lies in the situation created by the following circumstances:

By the enactment of *Pamph. L.* 1936, *ch.* 46 (*R. S.* 54:4-3.26) the legislature provided for an exemption from taxation on behalf of, "all real and personal property used in the work and for the purposes of one or more fraternal organizations or lodges, or any association or society organized on the lodge plan, or affiliated associations, whether incorporated or unincorporated * * *," where the property was owned by the organization and no part of it was used for pecuniary profit. The several respondents herein, all of whom appear to be college fraternities affiliated with Rutgers University, conceiving their status and character to bring them within the category of exempted organizations under the act quoted, filed appeals with the Middlesex County Board of Taxation from the 1937 assessments levied upon their property by the petitioner taxing district, with the successful result hereinabove referred to. The city, notwithstanding, carried the issue of exemption to this board, in order to protect its position while awaiting the result of litigation then pending before the courts in which the constitutionality of *Pamph. L.* 1936, *ch.* 46, had been drawn in issue. This question was ultimately determined in favor of the constitutionality of the legislation by the Court of Errors and Appeals in *City of Camden* v. *Camden County Board of Taxation,* 122 *N. J. L.* 381; 5 *Atl. Rep.* (2d) 688, decided April 21st, 1939, affirming the Supreme Court, 121 *N. J. L.* 262; 2 *Atl. Rep.* (2d) 40 (1938).

Entertaining no doubt that the respondent organizations were comprised within the scope of chapter 46, the taxing district appeared before this board on May 8th, 1939, as hereinabove recited, and moved the withdrawal of its appeals from the county board judgment. Its action was in no sense inadvertent, or the result of mistake or misapprehension. Counsel for the city stated:

"I think that in all of these appeals taken by the city of New Brunswick we can dismiss the appeals, because it is our

thought that our appeal depended upon whether or not the act exempting fraternal organizations was constitutional."

It appearing to the board that counsel's position was sound and that there was no prospect of prejudicing the interests of the taxing district through the effectuation of unwarranted exemptions from taxation, the withdrawal of the appeals was concurred in and allowed by the board.

Thereafter the Supreme Cout had before it on *certiorari* certain assessments made by the city of New Brunswick for the years 1937, 1938 and 1939 against the Phi Zeta Fraternity, and, while holding that the writ must be dismissed for failure of the petitioner to exhaust its remedies before the County and State Tax Appeals Boards before going to the Supreme Court to attack the legality of the levy, the opinion of the court indulged in the observation, by way of *dictum,* that there was no case for exemption in any event, in view of the pecuniary support presumably derived by the petitioner from dues and room rent paid by its members. *Phi Zeta Fraternity v. City of New Brunswick (Supreme Court,* 1939), 123 *N. J. L.* 237, 239; 8 *Atl. Rep. (2d)* 553.

On the basis of these statements, counsel for the city of New Brunswick now urges that he was laboring under a mistaken impression of the law when he moved the withdrawal of these appeals on May 8th, 1939, and that, in view of the newly revealed apparent attitude of the Supreme Court toward the claimed right of exemption of college fraternities under the 1936 statute, this board should disregard the withdrawals referred to and reinstate the appeals. We are constrained to hold, however, that, under the circumstances, we have no power to take the action thus requested of us.

We have heretofore recognized and applied the fundamental rule that, as a statutory tribunal, this board is strictly limited to the bounds of the jurisdiction prescribed by the legislation which constitutes it and defines its powers and duties. *Washington Township* v. *Mercer County Board of Taxation (Supreme Court,* 1914), 85 *N. J. L.* 547; 89 *Atl. Rep.* 1028; *Mellor* v. *Kaighn (Court of Errors and Appeals,* 1916), 89 *N. J. L.* 543; 99 *Atl. Rep.* 207. The board does not, for example, have the power to reopen a judgment entered after

it has held a hearing and arrived at a determination. *City of Newark* v. *Weyerhaeuser Timber Co. (State Board)*, filed March 22d, 1938. Against the background of these elemental principles it becomes apparent that what the taxing district here requests is that we should undertake to deal officially with subject-matter that is no longer before us. When a party appellant before us withdraws his petition, there is no longer any person aggrieved before the board, nor any matter before it for determination. *City of Bayonne* v. *Mutual Benefit and Investment Co. and Commonwealth Realty Co., State Board Tax Reports,* 1912-1934, *pp.* 568, 569 (1932), citing *Borough of Kenilworth* v. *Board of Equalization of Taxes (Supreme Court,* 1909), 78 *N. J. L.* 302; 72 *Atl. Rep.* 966. It is, we conceive, as though no appeals had ever been filed in the first instance, so far as our present power to deal with the subject-matter of these applications is concerned. The statute prescribing its duties and powers gives the board no power to revest itself with jurisdiction over petitions of appeal withdrawn by the party, and therefore it can possess no such power. *City of Newark* v. *Weyerhaeuser Timber Co., supra.*

The foregoing is not to be taken as an expression of view that the board is without control over the exercise of the right of withdrawal by a party petitioner. We have recently declined to permit a taxing district to withdraw a petition of appeal from a county board judgment awarding an exemption from taxation where this board had, after hearing, found the organization in question not to be entitled to exemption for the preceding tax year. *Workingmen's Circle, Branch No. 90* v. *City of Trenton (State Board)*, filed November 14th, 1939. Under such circumstances we held it to be our duty to require proof of facts sufficient to persuade the independent judgment of the board as to the legality of the exemption.

In the instant case, however, as distinguished from the case last cited, we are confronted not with an application to withdraw an appeal, but to reinstate an appeal already withdrawn with our full concurrence. The first situation involved only an issue of discretion, the second, one of jurisdiction.

Petitioner questions the contention as to the divestiture of

our jurisdiction upon the withdrawal of the appeals, upon the ground that no order of dismissal was signed or filed, nor was any decision entered of record. But under the informal practice of this board, the entry of a formal order for the purpose of concluding the proceedings was neither necessary nor customary. It was clearly intended and understood, not only by the board, but by counsel for all the parties, that the proceedings of May 8th, 1939, finally and definitely concluded these appeals.

We may further observe that even were the matters involved in these applications not jurisdictional, we should not regard the situation as one properly warranting the exercise of our discretion. It has been held that an attorney's mistake of judgment as to the law or his ignorance of facts which he should have known is not a sufficient ground for vacating a judgment of dismissal entered upon his motion. *Bacon* v. *Mitchell,* 14 *N. D.* 454; 106 *N. W. Rep.* 129. The withdrawal of these appeals, furthermore, was deliberate and considered, and appeared, not only to counsel, but to the board, as the proper step under the then existing circumstances and in the state of the applicable legal authorities. The volume of litigation before the board is such that the revival of appeals once deliberately withdrawn without attendant mistake of fact or inadvertence, is not in the general interest.

For the foregoing reasons the motions are severally denied.