## STATE BOARD OF TAX APPEALS.

THE BOROUGH OF BERGENFIELD, A MUNICIPAL CORPO-
RATION, ET AL., PETITIONERS, v. J. H. THAYER MAR-
TIN, STATE TAX COMMISSIONER, RESPONDENT.

Re: Apportionment of Public Service Electric and Gas Company
franchise taxes for the year 1937.

———

THE BOROUGH OF BERGENFIELD, A MUNICIPAL CORPO-
RATION, ET AL., PETITIONERS, v. J. H. THAYER MAR-
TIN, STATE TAX COMMISSIONER, RESPONDENT.

Re: Apportionment of New Jersey Bell Telephone Company fran-
chise taxes for the year 1937.

Decided December 10, 1940.

———

For the petitioners, *William Newcorn.*

For the respondent, city of Jersey City, *James A. Hamill* (by *Charles Hershenstein*).

For the State Tax Commissioner, *David T. Wilentz,* attorney-general (by *John Solan*).

QUINN, President. On May 1st, 1937, the State Tax Commissioner made and certified the apportionment of the proceeds of the franchise taxes levied against the Public Service Electric and Gas Company and the New Jersey Bell Telephone Company for the year 1937, to the various municipalities entitled thereto, including petitioners and respondent, city of Jersey City, pursuant to the provisions of the Voorhees Franchise Tax act of 1900 and its supplements (*R. S. Title* 54, *ch.* 31). The rules of the State Board of Tax Appeals in effect for the year 1937 provided that appeals from any action of the State Tax Commissioner should be by a petition filed with the board within six months from the date of his certification. On October 26th, 1937 (five months and twenty-six days after the date of apportionment and certification), a number of the present petitioner taxing districts, on application, obtained an order of this board extending the time for the filing of the petitions of appeal from the apportionment in question to February 1st, 1938. The time for filing was further extended to August 1st, 1938, upon a renewed application by the said taxing districts made on January 25th, 1938.

Thereafter, on February 26th, 1938, the legislature repealed the Voorhees act by the enactment of *Pamph. L.* 1938, *ch.* 7, § 15. This act provided a new method for the apportionment and distribution of franchise taxes collected from public utilities using public streets and places, among the municipalities entitled thereto. The apportionment provisions of this act were held unconstitutional by the Court of Errors and Appeals in *Mayor, &c., of Hoboken* v. *Martin* (*Court of Errors and Appeals,* 1939), 123 *N. J. L.* 442; 9 *Atl. Rep.* (*2d*) 332. Since the act, and therefore the cited case, applied only

to 1938 gross receipts taxes, the holding as to unconstitutionality cannot have the effect of revival of the repealed provisions of the Voorhees act, controlling as to 1937 taxes. See *Virtue* v. *Freeholders of Essex* (*Supreme Court,* 1901), 67 *N. J. L.* 139, 148; 50 *Atl. Rep.* 360. The repealer of the Voorhees act contained no provision saving any rights of the taxing districts relating to the procedure for contesting past apportionments.

On June 14th, 1938, petitioners herein (comprising those municipalities which obtained the orders extending time for filing appeals and many others), filed two separate petitions of appeal from the apportionments made by the tax commissioner of the 1937 taxes paid by the two utilities aforementioned, respectively, on the grounds of failure to conform to the directions for such apportionment contained in the Voorhees act, repealed, as indicated above, February 26th, 1938.

The present motion is to dismiss these appeals on the ground that the repealer of the Voorhees act by *Pamph. L.* 1938, *ch.* 7, deprives this board of jurisdiction to entertain proceedings instituted for the first time subsequent to such repealer, designed to review an apportionment of taxes under standards fixed in the law repealed, and now no longer in existence. In considering any question relating to the jurisdiction of any statutory tribunal, such as is this body, the legislative grant of jurisdiction is strictly construed and must be found to expressly confer the power claimed. *Mellor* v. *Kaighn* (*Court of Errors and Appeals,* 1916), 89 *N. J. L.* 543; 99 *Atl. Rep.* 207; *Washington Township* v. *Mercer County Board of Taxation* (*Supreme Court,* 1914), 85 *N. J. L.* 547; 89 *Atl. Rep.* 1028; *City of Newark* v. *Weyerhaeuser Timber Co.* (1938), (New Jersey Tax Reports, 1934-1939, p. 530. See, also, 3 *Cooley on Taxation* (*4th ed.*), § 1220. Similarly, it is our view that we should carefully search legislation repealing enactments which heretofore afforded this board a subject of jurisdiction, for any *indicia* of intent that such repealed provisions should continue to constitute a basis for judicial action by us. In this connection, the failure of the legislature in enacting *Pamph. L.* 1938, *ch.* 7, expressly to save remedies pertaining to appor-

tionments for past years, seems of clear significance, in the face of the general practice of the legislature to write saving clauses into repealing statutes, when that is its intention. See, for example, section 801 of the General Tax act of 1918 (*Pamph. L.* 1918, *ch.* 236).

Counsel for petitioners contends, however, that section 11 of *Pamph. L.* 1938, *ch.* 7, does constitute such a saving clause. Section 11 provides as follows:

"The State Tax Commissioner, in making the apportionment of any taxes imposed upon any taxpayer * * * to any municipality for the year of one thousand nine hundred thirty-eight, or in any subsequent year, shall deduct or add to such apportionment for such year the municipality's proper share of any deduction or addition to the extent and in the manner which may have been or·may be ordered or decreed by any judgment of the State Board of Tax Appeals or any court by reason of any error or omission in connection with the valuation and/or apportionment for any prior year or years of any tax heretofore imposed upon such taxpayer under the provisions of Chapter one hundred ninety-five of the laws of one thousand nine hundred or which may be imposed by this act."

This provision, in our opinion, merely provides that should the state board or any court revise or correct any valuations or apportionments for a prior year or years, the tax commissioner should take account of any additions to or deductions from the share of any particular municipality resulting therefrom, in his next ensuing apportionment. This section obviously deals only with the results of the proper exercise of jurisdiction by the state board, but does not of. itself confer any jurisdiction upon the board where otherwise lacking.

The situation before us would seem to be controlled by the rule stated in *State, Copeland, Pros.* v. *Village of Passaic* (*Supreme Court,* 1873), 36 *N. J. L.* 382, 384:

"The effect of a repealing clause on a previous statute which * * * confers a special jurisdiction, is to end all proceedings under it, which are not closed unless there be an exception in the repealing statute (citing authorities)."

The rule stated was modified by statute thereafter, in a

respect not presently material, by an Act *relative to Statutes,* approved March 27th, 1874 (*R. S.* 1877, *p.* 1120), which, in its present form in *R. S.* 1:1-14; *N. J. S. A.* 1:1-14, reads as follows:

"No action, proceeding or matter of any kind whatsoever of a civil nature begun in any of the courts of this state or before any body, board or tribunal whatsoever at the time when the Revised Statutes shall become effective or at the time any act hereafter enacted shall become effective, by virtue, or under authority of any act or part of any act repealed by the enactment of the Revised Statutes, or by any act hereafter enacted, shall be abated or discontinued because of such repeal; but the same may and shall be prosecuted to final judgment, decree or decision in accordance with the practice and procedure in force at the time when such action or proceedings was begun, except that where the course of practice or procedure for the enforcement of a right, or the prosecution of a suit, shall be changed, actions now pending, or hereafter begun shall be conducted as near as may be in accordance with such altered practice or procedure."

This provision is presently inapplicable, since no proceeding had been begun before this board at the time of the repealer of the Voorhees act. At that time there had taken place before us only an application to extend the time, and the entry of an order extending the time, for the *beginning of a proceeding, i. e.,* for the filing of the petitions of appeal now pending before us. The order extending time, dated October 26th, 1937, recites:

"* * * and it further being represented to the Board that the municipalities above mentioned are desirous of having additional opportunity to inquire into the true value of such property of Public Service Electric and Gas Company and New Jersey Bell Telephone Company in the respective taxing districts and upon the completion of such inquiry to consult with the various municipalities involved *and to consider the advisability of taking an appeal or appeals* to this Board for a determination of the true value of such properties with the end in view of obtaining a re-apportionment of the said franchise taxes among the several taxing districts based

upon an equitable and fair valuation upon a uniform basis; and this Board having considered the matter and being of the opinion that the time for filing said appeals should be extended; \* \* \*." (Italics supplied.)

We conclude that the entry of an order merely extending the time for filing a proceeding, is not itself the commencement of the proceeding, within the intent of *R. S.* 1:1-14; *N. J. S. A.* 1:1-14.

Nor are we moved by the argument of petitioners to the effect that the granting of the present motion would entail an unconstitutional deprivation of a vested right to a judicial review of the apportionment of the franchise taxes in question. The right of the municipalities to share in these taxes at all is not based in contract, but results from the grace of the state in having so allocated them. Had it deemed wise so to do, the legislature might have properly disposed of these tax proceeds in an entirely different fashion. *Mayor, &c., of Hoboken* v. *Martin* (*Supreme Court,* 1938), 121 *N. J. L.* 214 (at *p.* 215); 1 *Atl. Rep.* (*2d*) 188.

For the reasons stated, we are of the opinion that this board has no jurisdiction to proceed to a determination of the petitions pending, and that the present motions should therefore be granted. It will be so ordered in each case.