7 N.J. Super. 67 (1950)
72 A.2d 217
BOROUGH OF TOTOWA, A MUNICIPAL CORPORATION OF NEW JERSEY, ET AL., PLAINTIFFS-APPELLANTS,
v.
PASSAIC COUNTY BOARD OF TAXATION, ET AL., DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued January 16, 1950.
Decided March 17, 1950.
*69 Before Judges McGEEHAN, COLIE and EASTWOOD.
Mr. Joseph L. Lippman argued the cause for plaintiffs-appellants (Mr. Herbert H. Fine, on the brief) Borough of Totowa (Mr. Joseph L. Lippman, attorney); Borough of North Haledon, Borough of Bloomingdale and Borough of West Paterson (Mr. Joseph M. Harrison, attorney); Borough of Wanaque (Mr. Harry L. Schoen, attorney); City of Clifton (Mr. John G. Dluhy, attorney); Borough of Pompton Lakes (Mr. Nathan Bernstein, attorney); Borough of Ringwood and Township of West Milford (Mr. Louis Wallisch, attorney); Township of Wayne (Mr. C. Alfred Wilson, attorney); Township of Little Falls (Mr. George T. Anderson, Jr., attorney); Borough of Hawthorne (Mr. Francis Caminetti, attorney).
Mr. Oscar R. Wilensky argued the cause for defendants-respondents City of Passaic (Mr. Oscar R. Wilensky and Mr. Herman Scott, attorneys) and City of Paterson (Mr. Charles S. Joelson and Mr. George Diamond, attorneys).
The opinion of the court was delivered by McGEEHAN, S.J.A.D.
On April 20, 1949, the Borough of Totowa filed a petition with the Division of Tax Appeals praying that the tax rate for the Borough for the year 1949, as certified by the Passaic County Board of Taxation, be set aside and corrected. Eleven other taxing districts in Passaic County filed similar petitions. On May 16, 1949, a judgment was entered by the Division of Tax Appeals dismissing all the petitions on the ground "that the appellants did not comply with the condition precedent to the filing of such appeals in that they did not first appeal to the Passaic County Board of Taxation." The twelve taxing districts appeal from this judgment.
*70 Since all the appeals raise the same questions, the parties have argued the appeal of the City of Clifton, and it will be disposed of as the test case.
The tax lists and duplicates filed with the County Board of Taxation for the year 1949 by the assessors of the sixteen taxing districts in Passaic County, pursuant to R.S. 54:4-35, contained the complete assessment list for each taxing district, which includes the real property assessments, personal property assessments, and assessments for second-class railroad property. The tax list and duplicate for Clifton, as filed by the assessor, contained assessments of $64,679,150 for real property, $7,811,700 for personal property, $103,660 for second-class railroad property, and after statutory deductions of $2,083,150 there remained a net valuation of $70,511,360, upon which county taxes would be apportioned in the absence of revision, correction or equalization by the County Board.
Acting under the authority of R.S. 54:3-17 et seq., the County Board met for the purpose of equalizing the assessments of real property between the several taxing districts of the county. After hearings, it determined that the assessed valuations of the real property, as contained in the tax lists and duplicates of the twelve appellant taxing districts, should be increased 10% to correspond to true value. In the case of Clifton, it resolved that the real property assessments of $64,679,150 be increased 10%, making a total valuation of the real property in said taxing district of $71,147,065, and that this sum be used by the Board as the total ratables of the real property of the district for the apportionments of county and state taxes, charges or distributions of moneys for 1949.
On March 9th the County Board approved an equalization table for the county for 1949, which set forth the assessed value of real property in each taxing district, as filed by the assessor, and the true value thereof, as found by the County Board, which, in the case of each of the appellant taxing districts, was an amount 10% higher than the assessor's valuation. On the same day the County Board, pursuant to R.S. 54:4-55, certified as correct the tax lists of the several municipalities *71 in the county for the year 1949. The tax lists and duplicates of the appellant taxing districts, as certified, contained the assessments of real property as originally filed by the assessors, but no additions thereto to effectuate the 10% increase therein as shown on the equalization table.
The County Board then prepared the table of aggregates required by R.S. 54:4-52, in which it set forth the total net valuations upon which the county taxes were apportioned for 1949, and in the case of Clifton this valuation was $76,979,275, although the statute requires that the table of aggregates be "copied from the duplicates of the several assessors * * *" and the net valuation would be $70,511,360 if the valuations were copied from the certified duplicate of the assessor of Clifton.
On April 4, 1949, the County Board fixed the tax rate for Clifton at 5.04 per hundred dollars. The County Board arrived at this rate by adding the amount to be raised in Clifton for county purposes, as apportioned on a $76,979,265 total net valuation, to the amounts to be raised for Clifton's municipal and school purposes, and dividing the sum by the total net valuations of $70,511,360 contained in the Clifton tax list and duplicate, as certified by the County Board. If the County Board had added the 10% increase to the assessments of real property in the tax lists and duplicates of the appellant taxing districts, or had directed the local assessor to do so, the total rate for Clifton would have been 4.62 instead of 5.04.
The first question is whether the appellants had a right of appeal to the Division of Tax Appeals without first taking an appeal to the County Board. The appellants rely upon R.S. 54:2-35 as giving a right of appeal directly to the Division of Tax Appeals. This section provides:
"Any action or determination of a county board of taxation may be appealed for review to the Division of Tax Appeals in the State Department of Taxation and Finance, under such rules and regulations as it may from time to time prescribe, and it may review such action and proceedings and give such judgment therein as it may think proper. Nothing herein contained shall apply to any appeal to the Division of Tax Appeals in the State Department of Taxation and Finance provided for by sections 54:2-37 and 54:2-39 of the Revised Statutes."
*72 Although R.S. 54:2-37 provides for an appeal directly to the Division of Tax Appeals for a review of a county equalization table, appellants do not rely thereon, stating that their appeals are not from an equalization table, but from an incorrect ascertainment of rates. We are not concerned with R.S. 54:2-39, which provides for a further appeal to the Division of Tax Appeals by "any appellant who is dissatisfied with the judgment of the County Board of Taxation upon his appeal" because no judgment of the County Board is involved.
The respondents argue that the appellants had a right of appeal to the County Board under R.S. 54:3-21, which provides:
"A taxpayer feeling aggrieved by the assessed valuation of his property, or feeling that he is discriminated against by the assessed valuation of other property in the county, or a taxing district which may feel discriminated against by the assessed valuation of property in the taxing district, or by the assessed valuation of property in another taxing district in the county, may on or before August fifteenth appeal to the county board of taxation * * *."
Further, that the failure of the appellants to appeal to the County Board first under this section deprived them of any right to appeal to the Division of Tax Appeals, citing Hackensack Water Co. v. Division of Tax Appeals, 2 N.J. 157 (1949). In the Hackensack case, the taxing district appealed directly to the Division of Tax Appeals from the assessed valuation of property. The court held that the taxing district had no right of appeal direct to the Division of Tax Appeals under R.S. 54:2-35, because R.S. 54:3-21 provided a right of appeal to the County Board from the assessed valuation of property and the taxing district could not, by an appeal directly to the Division of Tax Appeals, by-pass the County Board and destroy its function of exercising its appellate capacity. The appellants, in the case before us, did not appeal from an assessed valuation of property. The appeals were from the fixing by the County Board of an incorrect rate of taxation, and no appeal to the County Board is provided in such a case. Therefore, the appellants had the right to appeal *73 directly to the Division of Tax Appeals under R.S. 54:2-35. Accord Park Ridge v. Board of Equalization of Taxes, 86 N.J.L. 39 (Sup. Ct. 1914). See In re Passaic County Board of Taxation, 46 N.J.L.J. 176, 177 (St. Bd. of Taxes and Assessment 1923).
The appellants do not question the action of the County Board, taken pursuant to R.S. 54:3-17 et seq., (1) in determining that the assessed valuations of real property contained in the tax lists and duplicates of the appellant taxing districts, as filed by the assessors, should be increased 10% to correspond to true value, or (2) in confirming the equalization table which set forth valuations of real property in the appellant taxing districts in an amount 10% in excess of the valuations as filed by the assessors. They argue that the rate of 5.04, as fixed by the County Board for Clifton, was incorrect because of the failure to comply with the requirements of R.S. 54:4-48, which provides:
"The county board of taxation shall enter all changes or additions on the various tax lists and duplicates, and, upon ascertaining the total amount of tax to be raised, fix and adjust the amount of state, school, state and county tax to be levied in each taxing district in the county in proportion to the respective values thereof, and the amount to be levied in each taxing district for local purposes as certified to it. It shall cause each assessor to enter in appropriate columns upon the tax lists and duplicates for his respective taxing district the net corrected value assessed to each person for both real and personal property, and to enter the addition of the items of each column at the foot thereof, on every page, the rates per dollar, which shall be such as according to the valuation on the duplicate will be sufficient to produce the sum required, and to extend on the duplicates the amount of tax computed on each assessment at that rate."
This section requires the County Board to enter, or cause the assessor to enter, all additions and changes, made by the County Board, on the tax lists and duplicates, so that the net corrected value assessed to each person for real and personal property shall appear thereon. It also requires that the amount of county tax be levied in proportion to the values shown in the tax lists and duplicates.
It is conceded that the County Board did not enter any changes or additions on the tax lists or duplicates of the appellant *74 taxing districts and, further, that if such additions had been entered, the valuations of real property on the equalization table and the valuations of real property in the several tax lists and duplicates would have been the same, and the tax rate for Clifton would have been 4.62 instead of 5.04. It is also conceded that if the County Board had fixed the amount of county tax to be levied in each taxing district in the county, in proportion to the respective values in the certified tax lists and duplicates, Clifton's share would have been $38,230.55 less than the amount actually levied by the County Board.
R.S. 54:3-19 provides that "After the equalization table is finally confirmed by the board, the valuations of real property in each district as equalized shall be deemed to be the true valuation of such property in computing the total ratables of each district for all apportionments of county and state taxes, charges or distribution of moneys." However, we think that this section and section 54:4-48 are in pari materia and must be read together. The statutory scheme requires the County Board to enter, or cause the assessor to enter, on the tax lists and duplicates, the additions made by the County Board in equalizing under R.S. 54:3-17 et seq., in order to make such additions effective. When the additions are entered on the tax lists and duplicates, the apportionments of county taxes comply with both sections 54:3-19 and 54:4-48, and each taxpayer in the taxing district  the real property owner, the personal property owner, and the second-class railroad property owner  is called upon to pay only his proportionate share. Here the additions were not entered and therefore they did not become effective. This conclusion is fortified by the provisions of R.S. 54:4-52, which require the County Board to prepare and file a table of aggregates showing how the several tax rates are arrived at, and require that this table be "copied from the duplicates of the several assessors." In construing prior tax acts in which the requirement that the County Board enter the additions or changes in the tax lists and duplicates was not stated as explicitly as in R.S. 54:4-48, our courts have reached the same result. Washington Tp. in Mercer County v. Mercer *75 County Board of Taxation, 85 N.J.L. 547 (Sup. Ct. 1914); Ridgefield v. Goodday, 65 N.J.L. 153 (Sup. Ct. 1900); New Jersey Zinc Co. v. Sussex County Board, 70 N.J.L. 186 (Sup. Ct. 1903); Town of Union in Hudson County v. Hudson County Board of Taxation, 77 N.J.L. 178 (Sup. Ct. 1908).
The inequities which result when the additions are not entered in the tax lists and duplicates may be illustrated as follows: Assume that the true value of a parcel of real estate in Clifton for 1949 was actually $10,000. If the County Board, acting under its equalization powers, determines to increase the real property assessments in Clifton by 10%, and the addition is made to the tax lists and duplicates, the assessment of this property would then be $11,000. The taxpayer, however, would have recourse against the resulting increases in taxes by an appeal under which his assessment would be reduced to its true value, namely, $10,000. When, as in this case, the 10% increase is not reflected by an addition in the individual assessment, the taxpayer is denied any relief on appeal, because his valuation remains at $10,000  its true value  although, in fact, he is called upon to pay an increase of tax based upon a higher valuation of his property. In addition, the method followed by the County Board in this case results in an inequitable distribution of the tax burden as between the real property owner, the personal property owner, and the second-class railroad property owner in Clifton. Because of the failure to enter the 10% addition to the valuation of real property in Clifton, the personal property owner and the second-class railroad property owner are each required to pay a larger proportion of the county tax, the municipal tax and the school tax levied in Clifton, because the proportion of these taxes to be paid by them depends upon the ratio of their valuations to the total valuations in the tax list and duplicate of Clifton. As was said in the Township of Washington case, above, in which the County Board equalized taxes in the various taxing districts, but failed to enter the additions on the tax lists and duplicates:
*76 "It will be observed that what the county board did in this instance was to fix the local rate upon an assessment in nowise revised, corrected or equalized by them. The practical effect of this, of course, was to increase the total valuations imposed upon the rate payers, without any attempt at an equitable distribution of the burden upon which the rate payer had a legal right to be heard, and if necessary from which to appeal."
We conclude that the tax rates fixed for the appellant taxing districts were incorrect. Since it is too late to correct the rates fixed for 1949, the difference between the amount of county taxes actually charged against each taxing district in Passaic County for 1949, and the amount which should have been charged according to the net valuations contained in the several certified duplicates, shall be debited or credited, as the case may be, to each taxing district on account of its share of county taxes next due.
The judgment of the Division of Tax Appeals is reversed and the cause is remanded to the Passaic County Board of Taxation to be proceeded with in accordance with this opinion.