TOWN OF UNION, IN THE COUNTY OF HUDSON, PROSE-CUTOR, v. HUDSON COUNTY BOARD OF TAXATION.

Argued June Term, 1908—Decided November 20, 1908.

The action of the county board of taxation in increasing or decreasing the assessed value of property, which, in their judgment, is not truly valued, as authorized by the statute of 1906 (*Pamph. L., p.* 210), is not reviewable on *certiorari* unless the board violates some legal principle in adjusting the value of real estate subject to taxation.

On application for *certiorari.*

Before Justice BERGEN.

For the prosecutor, *J. Emil Walscheid.*

For the defendant, *William D. Edwards.*

The opinion of the court was delivered by

BERGEN, J. The prosecutor, one of the taxing districts of the county of Hudson, applies for a writ of *certiorari* to review the proceedings of the Hudson county board of taxation fixing the quota of taxes to be raised by the prosecutor.

The principal reason urged for the allowance of the writ is that the relator increased the valuations of real estate, as contained in the duplicate of ratables of the Town of Union, to the extent of five per cent., but made no change in the assessments against personal property.

The record sought to be reviewed discloses that the county board of taxation, by resolution, declared that the value of the real estate, as assessed in the duplicate to certain owners therein named, was "relatively less than the value of the other property in the county," and the assessor was directed to amend his duplicate by increasing the taxable valuation to the extent indicated by the county board. It further appears that, having adjusted the relative values of all of the real estate, it then determined that its true value was five per cent. less than it should be, and, by resolution, required the assessor to add that percentage to the total amount of the real estate as valued and assess it proportionately to each parcel contained in the duplicate.

The duty of the county board of taxation is declared to be to secure the taxation of all property at its true value, and it is given the supervision and control of all the assessors and other officers charged with the duty of the assessment of taxes to view and inspect, as far as possible, the various assessed properties in the different taxing districts in their respective counties, and to make revision and correction after such view and inspection; to increase or decrease the assessed value of any property not truly valued, and to add to the duplicates any property which has been omitted, "and in general to do and perform all acts and things necessary for the valuation of all property in said county equally and at its true value," and it is also charged with the duty of reviewing taxes on appeal. *Pamph. L.* 1906, *p.* 210. It thus appears that under the statute referred to the county board of taxation has the power to correct and revise the value of all taxable property, and to require the respective assessors to amend their duplicates or lists of taxable property so that they conform to the values fixed by the board, and it is our opinion that unless the county board of taxation violate some legal principle in making the

assessments, its action is not reviewable by *certiorari* on the application of a taxing district or of an individual, because in performing that duty they are merely aiding the assessors in arriving at the true value of the respective properties in the taxing district, and a mistake in valuation is only an error of judgment which each taxpayer may have corrected by the board of equalization of taxes, as provided in the act establishing such board (*Pamph. L.* 1905, *p.* 123), section 3 of which act provides, that if upon complaint of any taxing district it shall appear that any other taxing district is, by inequality of valuation or otherwise, avoiding or escaping its fair share of the common burden, the board shall cause investigation to be made, and shall render such aid and assistance as it may be able to give for the purpose of arriving at a fair and equitable adjustment of values, and, among other things, it has the power, if it shall appear that the assessment of any property is greater than the true value thereof, to reduce said assessment to that amount.

In the case under consideration we find nothing illegal in the principle adopted, and if the result produces an excessive valuation in any instance, the property owner has his appeal—*first,* to the county board, and *second,* to the state board. The statute last referred to requires the state board, upon appeal of any taxing district or an individual, to evidence its determination by a judgment duly signed by at least three of its members and filed with its clerk. And in a proper case a writ may be applied for to review that judgment.

We find nothing in the present case which justifies the allowance of the writ, and the application for it is therefore denied.