OCEAN GROVE CAMP MEETING ASSOCIATION, APPELLANT,
v. THE BOROUGH OF BRADLEY BEACH, RESPONDENT.

Argued November 8, 1917—Decided March 3, 1918.

The ordinary rule that a tax voluntarily paid, with full knowledge of the facts, cannot be recovered by the taxpayer although it was illegally assessed, is not applicable when the payment has been made pending proceedings instituted by the taxpayer for the purpose of having the tax set aside, and such proceedings have been prosecuted to a successful issue. In such a case a promise to refund the money is assumed, and the taxpayer may maintain an action for its recovery.

---

On appeal from the Monmouth County Common Pleas.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KALISCH.

For the appellant, *Patterson & Rhome* and *Gilbert Collins.*

For the respondent, *Ward Kremer* and *Charles E. Cook.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This is an action on *assumpsit* brought to recover back a certain proportion of taxes paid by the Ocean Grove Camp Meeting Association to the borough clerk of Bradley Beach for the year 1915. These taxes were assessed upon an electric light plant, water tank and ice house owned by the association, and located in the borough. The valuation put upon this property by the local tax assessor was $83,000. The association appealed from this valuation to the county board of taxation on the 9th day of December, 1915; and notice of the appeal was duly served on the borough on the same day. Notwithstanding the taking of this appeal, however, the superintendent of the plaintiff association, who was clothed with general authority to pay outstanding debts of the association, and who had in his possession certain blank checks signed by its president for the purpose of making such payments, filled out one of them to the order of Bradley Beach for the whole amount of the tax assessed—$2,145.55—and on the 20th of December paid the check to the borough. This payment was made without the knowledge of the officers of the association, who were the superintendent's superiors, and without knowledge on his part that an appeal had been taken. The prosecution of the appeal before the county board resulted in a slight reduction in that valuation. A further appeal was then taken to the state board of taxation and assessment, and an additional reduction was ordered by that body, fixing the true value of the property at $34,900 and reducing the amount of the tax by $1,243.39. The present suit was brought to recover the amount of the overpayment and was tried by the court without a jury. The trial resulted in a judgment for the defendant, upon the theory that the payment of the tax was voluntary, and that, therefore, the Ocean Grove association was without remedy.

From the judgment entered in the court below the Ocean Grove Camp Meeting Association appeals.

We do not find it necessary to determine the interesting question argued by counsel whether or not a payment of taxes made by the association's superintendent under the conditions we have recited was a voluntary payment by the association itself. Assuming that it was, then we have this situation. The authority of the borough to assess the tax was not wholly wanting. The tax itself was only invalid to the extent that the taxing official disregarded the constitutional requirement that property must be assessed for taxes at its true value—that is to say, to the extent that the valuation put upon the property as the basis of levying the tax was in excess of its true value. The tax itself was paid pending the appeal. On these facts the question presented seems to us not to vary in its legal essence from that decided by this court in *Jersey City* v. *Riker*, 38 *N. J. L.* 225. In that case the facts and the law applicable thereto are set forth by Chief Justice Beasley, as follows: "The authority to levy the tax was not wholly wanting, and the payment, in the legal sense, was voluntary. * * * Had this suit been brought upon the payment of the tax, and before any change in the situation had occurred, the case would have been the ordinary one presented in the reports and ruled by the decisions. But that is not so; there is a new element here, and that is the tax which was paid has been set aside. The consequence is the payment has nothing, either in theory or in fact, to rest upon. The party is debarred from his action after a voluntary payment, because, of his own motion, he abandons his defence to the claim; this the present plaintiff did not do; on the contrary, he pushed his defence to a successful result. The payment of the tax in this instance has not added, in the least degree, to the litigation, and public policy, therefore, does not require a frustration of this procedure. The assessment being vacated by direct judicial action, the law raises an assumption to refund the money which can no longer be honestly retained. * * * Upon its vacation the money paid cannot, in good conscience, be retained by the public."

It is argued on behalf of the defendant borough that the decision in the cited case only applies where the tax is vacated by the Supreme Court or by the Court of Errors and Appeals upon a review of the former court's judgment; and the words "by direct judicial action," used in the opinion, are appealed to as indicating such a limitation on the right of the taxpayer to recover a tax illegally assessed. We are satisfied that no such limitation was intended to be expressed. The language used correctly describes a duly constituted authority exercising a judicial function with relation to the matter before it. That this was the principle intended to be declared by the distinguished writer of the opinion is made plain by a subsequent opinion delivered by him for the Court of Errors and Appeals (*Campion* v. *Elizabeth,* 41 *N. J. L.* 355), where he fully recognizes the power of the legislature to confer this judicial function upon the common council of Elizabeth.

We conclude that the present case is controlled by our earlier decision in *Jersey City* v. *Riker, supra,* and that, therefore, the judgment under review must be reversed.

The proofs submitted show that some two weeks after the plaintiff's notice of appeal was served upon the borough, the collector of that municipality paid to the county collector, out of the moneys received from the plaintiff, the sum of $339.23; this payment being made on account of the state school tax and of county taxes. It is argued that the borough cannot now recover these moneys from the county collector, and, therefore, ought not to be compelled to refund them to the plaintiff. The payment was made by the borough with full knowledge of the fact that the validity of the tax had already been challenged by the plaintiff before a legally constituted tribunal; and if it saw fit to make the payment without awaiting the determination of that tribunal (or of the state board on a further appeal), it did so at its peril. Having assumed the responsibility of that risk it cannot now escape the consequences of its act and call upon the plaintiff to bear the loss which resulted therefrom.