MERCHANTS AND MANUFACTURERS FIRE INSURANCE COMPANY ET AL., PROSECUTORS, v. THE ESSEX COUNTY BOARD OF TAXATION AND THE CITY OF NEWARK, DEFENDANTS.

Argued May 5, 1937—Decided June 1, 1937.

Before Justices LLOYD, CASE and DONGES.

For the prosecutors, *Lum, Tamblyn & Fairlie, Child, Riker, Marsh & Shipman* and *Sandmeyer & Meisner.*

For the defendants, *Frank A. Boellner.*

PER CURIAM.

The writs in these five cases bring up for review an order of the Essex county board of taxation dismissing petitions of prosecutors seeking to have the county board relieve prosecutors of certain assessments for taxes made by the city of Newark for the year 1937. The petitions were filed under section 507 of the General Tax act, and sought to have the

county board remove certain assessments against personal property of petitioners appearing on the tax lists and duplicates filed by the city of Newark with said board, pursuant to section 501 of said act. *Pamph. L.* 1918, *p.* 862; *Cum. Supp. Comp. Stat.* 1911-1924, *p.* 3494, § 208-66d(501).

The question presented is whether or not the prosecutors may have the propriety of the assessments determined in the manner indicated. We conclude that they may not. The clear purpose of sections 501 to 507, inclusive (*Cum. Supp. Comp. Stat.* 1911-1924, *pp.* 3494, §§ 208-66d(501), (507)), is to have the county board review the assessment lists and duplicates of the various taxing districts in the county, and "after investigation, to revise, correct and equalize the assessed value of all property in the respective taxing districts."

Prosecutors rely upon *Township of Middletown et al.* v. *Ivins et al.,* 102 *N. J. L.* 36; 130 *Atl. Rep.* 648, as authority for their application. A careful reading of the opinion in that case makes it apparent that this court held that action under section 507, *supra,* is not to determine the propriety of an assessment at the instance of the property owner, but to determine whether the total of assessments of taxable property in a taxing district shall bear such relation to the value of property therein and to the value of property in other districts in the county, that such property "shall bear its full, equal and just share of taxes," in the manner provided by law. The court said:

"The assessment as originally made by the assessor does not become the assessment upon which the taxes are finally paid until after the county board of taxation has, under section 507, revised, corrected, equalized values, and increased or decreased the assessed value of any property not truly valued, and added property which has been omitted or overlooked, and, in general, until it has done all things necessary for the taxation of all property equally and at its true value."

After the county board has done these things, and certified same to the collectors of the various taxing districts, the tax lists become a public record. The court further said:

"The effect of these provisions is to make the action of the county board in increasing valuations an administrative

act and not a judicial one  *  *  *  and if the individual taxpayer is aggrieved he has a right of appeal."

In *Town of Union* v. *Hudson County Board of Taxation,* 77 *N J. L.* 178; 71 *Atl. Rep.* 46, it was said that "unless the county board of taxation violate some legal principle in making the assessment, its action is not reviewable by *certiorari* on the application of a taxing district or of an individual, because, in performing that duty, they are merely aiding the assessors in arriving at the true value of the respective properties in the taxing district, and a mistake in valuation is only an error of judgment which each taxpayer may have corrected" by appeal.

It is apparent that a taxpayer may not require the county board to review his assessment under section 507, as was here attempted, but that, after revision and certification of the lists as provided by the statute, an individual taxpayer, feeling himself aggrieved, may prosecute his appeal in the manner provided by the statute.

The order brought up with each writ will be affirmed, with costs.