21 N.J. Super. 370 (1952)
91 A.2d 224
BALDWIN CONSTRUCTION CO., ET AL., PLAINTIFFS,
v.
ESSEX COUNTY BOARD OF TAXATION, ET AL., DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided August 13, 1952.
*371 Mr. Herbert J. Hannoch and Mr. Joseph L. Lippman for all plaintiffs other than B. Altman & Company.
Messrs. Martin & Reiley (Mr. Blair Reiley and Mr. J.H. Thayer Martin appearing), for plaintiff B. Altman & Company.
Mr. Theodore D. Parsons, Attorney-General (Mr. Benjamin M. Taub, Deputy Attorney-General appearing), for the Essex County Board of Taxation.
Mr. Donald Karrakis for the City of East Orange.
JOSEPH L. SMITH, J.S.C.
The sole question before this court is on a motion on behalf of the defendant City of East Orange and the defendant Essex County Board of Taxation to dismiss the action on the ground that this court lacks jurisdiction over the subject matter of the action, as the plaintiffs have not exhausted their remedies before the administrative agency before instituting the present action, in that they did not appeal to the Essex County Board of Taxation from the assessments made against their real property.
The merits of the controversy, naturally, this court is not in any way now determining or expressing any opinion thereon. It seems to me that the sole question before the court is whether or not in the exercise of its discretion will the court retain jurisdiction. It has jurisdiction, and it will retain same.
In considering the briefs submitted, the oral arguments, the pleadings, and the record as submitted to the court, it is apparent that the gravamen of the action on behalf of these plaintiffs is one of discriminatory conduct on the part of the said taxing board.
From the record it would appear that all the plaintiffs own real estate in the City of East Orange, and the properties *372 owned by them are set forth in Schedule A annexed to the complaint and Schedule A annexed to the petition, requesting that certain parties plaintiff be admitted to this action. Orders so directing have been entered. These properties were assessed by the defendant City of East Orange for 1952 by its assessors in the amounts set forth in the said Schedules A.
The assessors on January 10, 1952 filed their list with the county board, and on January 25, 1952, pursuant to the statute, the said board of assessors of all the taxing districts of Essex County met for the purpose of examining, revising, correcting and equalizing their respective tax lists.
On March 20, 1952 the tax board made an order directed to the assessors, as set forth in paragraph 7 of the complaint, ordering that the tax lists relating to certain properties in the City of East Orange be corrected and revised in accordance with the amounts of the assessments contained in the list prepared and presented in the order of the said tax board. The assessors corrected their lists in accordance therewith. This order referred to 62 tracts of real estate, among which the plaintiffs' properties are included, and the tax lists made by the assessors for the 1952 valuations are set forth in the original statutory lists.
On March 24, 1952 the assessors complied with the aforesaid order and corrected the tax lists and duplicate.
These plaintiffs, of course, are not all of the taxpayers whose assessments for 1952 were revised.
The court, in determining the motion adversely to the defendants, is exercising its discretion and retaining jurisdiction because of the expression as pronounced by the Supreme Court in considering Rule 3:81-14, which provides as follows:
"Except where it is manifest that the interests of justice require otherwise, proceedings under Rule 3:81 shall not be maintainable, so long as there is available judicial review to a county court or inferior tribunal or administrative review to an administrative agency or tribunal, which has not been exhausted."
*373 The court in considering the first part of said rule, namely, "Except where it is manifest that the interests of justice require otherwise," is determining same in accordance with the findings in the opinion of Chief Justice Vanderbilt in Nolan v. Fitzpatrick, 9 N.J. 477 (1952), wherein the Chief Justice said, speaking for that court, among other things, at page 485:
"* * * we realized the inconvenience, expense and injustice that must necessarily flow from the arbitrary enforcement of the doctrine of the exhaustion of administrative remedies in each and every case, regardless of the circumstances and the interests of justice."
In that case the court also referred to Ward v. Keenan, 3 N.J. 298 (1949), wherein certain exceptions were stated and recognized. I think these exceptions are covered in the instant case. This court also refers to the opinion of Judge Jacobs in the case of Waldor v. Untermann, 10 N.J. Super. 188 (App. Div. 1950), wherein he said at page 192:
"Indeed, when Rule 3:81-14 was adopted it was well recognized that there may be other situations in which the interests of justice will clearly dictate immediate judicial determination without awaiting the administrative process, and the very purpose of its general and comprehensive phraseology was to permit these to be dealt with properly as they arise."
The issues here presented are wisely ones of law. They are both legal questions and constitutional law questions. These questions can be determined by this court. Justice requires, it seems to me, that jurisdiction be retained in the exercise of the court's discretion, because otherwise, among other questions to be considered, we would be confronted with a situation where the county board would be sitting both as the prosecutor, the judge, and the jury in determining a matter which they already had pre-determined and fixed in arriving at the amounts of the assessments that they ordered the several assessors to impose. It would seem that this alone is a matter which in justice should be passed upon by this court, rather than by the county board.
*374 Under the statutes, R.S. 54:4-62 and R.S. 54:4-59, this court in retaining jurisdiction would have full right and power to dispose of several of the questions which necessarily must be considered under the issues presented. I am also cognizant of the rule of Royal Manufacturing Co. v. Board of Equalization, 76 N.J.L. 402 (Sup. Ct. 1908), affirmed 78 N.J.L. 337 (E. & A. 1909), and the pronouncement in Hillsborough Township v. Cromwell, 326 U.S. 620, 66 S.Ct. 445, at page 448, 90 L.Ed. 358, 359 (1946), wherein the Supreme Court, referring to a statement of the law of our State, said:
"The courts of New Jersey in a long line of decisions have held that a taxpayer who has been singled out for discriminatory taxation may not obtain equalization by reduction of his own assessment. His remedy is restricted to proceedings against other members of his class for the purpose of having their taxes increased."
The rule was stated in Royal Manufacturing Co. v. Board of Equalization, 76 N.J.L. 402, at page 404 (Sup. Ct. 1908) as follows:
"* * * the county boards are required to secure taxation of all property at its true value; so that the fact that the property of A is assessed at its true value and the property of other taxpayers within the same district is assessed below its true value, affords A no ground for demanding a reduction of his valuation although it does entitle him to apply for an increase in the valuation of the others."
The court has considered defendants' contentions under R.S. 54:3-21 as well as the pronouncement of the court in Town of Union v. Hudson County Board of Taxation, 77 N.J.L. 178 (Sup. Ct. 1908) and Middletown Tp. v. Ivins, 102 N.J.L. 36 (Sup. Ct. 1925), and Delaware, L. & W.R.R. Co. v. City of Hoboken, 16 N.J. Super. 543 (App. Div. 1951), as well as the other authorities submitted by the defendants for the court's consideration. Nevertheless, I am constrained to be strongly of the opinion that there could be no case stronger than the instant case, at least in this court's *375 opinion, that could be presented wherein the discretion of the Court could be exercised to "retain jurisdiction" in order to effect and comply with the proper administration of justice, particularly as it is referred to in Rule 3:81-14.
The constitutional questions are those that are raised both under our own and the Federal Constitutions, and only the courts can determine such questions.
Therefore, as I have heretofore indicated, the motion will be denied.