32 N.J. Super. 18 (1954)
107 A.2d 567
BALDWIN CONSTRUCTION CO., A CORPORATION, ET ALS., PLAINTIFFS,
v.
ESSEX COUNTY BOARD OF TAXATION AND CITY OF EAST ORANGE, ET ALS., DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided August 20, 1954.
*19 Mr. Herbert J. Hannoch and Mr. Morris Weinstein, attorneys for plaintiffs Baldwin Construction Co., et als.
Mr. Blair Reiley, attorney for plaintiff B. Altman & Co.
Mr. Selick J. Mindes, attorney for plaintiffs 544 Central Avenue Corp., et als.
Messrs. Sanderson & Engel, attorneys for plaintiff Muir Realty Co.
Messrs. Levy & Krauss, attorneys for plaintiff Fada Radio & Electric Co., Inc.
Mr. Charles B. Clancy, Jr., attorney for Eastern Tool & Mfg. Co.
Mr. Grover C. Richman, Attorney-General of New Jersey, appearing by Joseph A. Murphy, Assistant Deputy Attorney-General, for defendant Essex County Board of Taxation.
Mr. Donald Karrakis, attorney for defendant City of East Orange.
Mr. Thomas H. Markey, attorney for defendant Town of Bloomfield.
Mr. Lawrence Keenan, attorney for defendant Town of Belleville.
Mr. Julius Y. Krill, attorney for defendant Borough of Caldwell.
COLIE, J.S.C.
The complaints filed in these matters attack the validity of an order of the Essex County Board of Taxation entered March 20, 1952. By said order the Board directed the local assessors to "revise and correct" the assessment lists theretofore filed by them. Certain of the taxpayers *20 whose assessments were sharply raised attacked the order of March 20, 1952 as discriminatory as to them in particular and illegal in its entirety. The cases have been before the courts, and in Baldwin Construction Co. v. Essex County Board of Taxation, 21 N.J. Super. 370 (Law Div. 1952) defendants' motion to dismiss for lack of jurisdiction over the subject matter was denied. Under the same title a subsequent motion for summary judgment in favor of defendants was denied. 24 N.J. Super. 252 (Law Div. 1952). On appeal from the denial of summary judgment for defendants, the Appellate Division held, on terms, that the case was properly in the Law Division, 27 N.J. Super. 240 (App. Div. 1953). On reargument the same court held, 28 N.J. Super. 110 (App. Div. 1953), that if the Board of Taxation, in undertaking to revise, correct, and equalize assessments had arbitrarily increased the respondents' (Taxpayers') assessments, such order could be set aside even if to do so would reduce such assessments below the true value of the property. Thereafter application for certification to the Supreme Court was made, 14 N.J. 494, and the latter court directed that the parties "complete their pleadings, take such depositions and make such inspections as they shall be advised are proper * * * after the completion thereof the causes shall be set down for trial in the Superior Court, Law Division * * *." The trial has been had.
The following facts are fully supported by the depositions, the admissions, and the pleadings: The Essex County Board of Taxation did not attempt to equalize and did not assess the properties at true value, but fixed the "revised and corrected" assessments "in the neighborhood of 50%." This ratio of 50% of true value was used in all the municipalities in which the properties affected by the order under review were located. The Board in certain municipalities selected fixed geographical areas within which the revisions or corrections were made; in others it selected specific properties for the same treatment. In no instance did the Board of Taxation make a study of values other than in the areas to be "revised and corrected." It failed to study values other *21 than those changed, "because that was the area we felt we wanted to limit our work to." One member of the Board described the selection for the revision and correction as "the hot spots, the 100 per cent locations." In arriving at the new assessments fixed by the order of March 20, 1952 the Board hired real estate appraisers. These appraisers made one appraisal of a typical property on Central Avenue, East Orange, and one appraisal of a typical property on Main Street, East Orange. Actually the properties selected were not typical for that particular area. They gave the Board no valuations on other properties in the area. The purpose of the appraisals was "to pick out the property which they thought would give a general range of values throughout the section." The result of this study resulted in amazing uniformity if nothing else. On the north side of Central Avenue, East Orange, land assessments were raised 200%, building assessments were raised 33 1/3%, while on the south side of Central Avenue land assessments were raised 100%, buildings 33 1/3%. On Main Street, East Orange, both land and building assessments were raised exactly 25%. In Caldwell, land assessments were raised 100%. The above percentages apply only to the properties picked out for "revision and correction"  the assessments on properties not so picked were unchanged.
Regardless of how the action of the Board is regarded, whether an equalization, a revision, or a correction, the result is that the taxpayers whose assessments were affected by the order of March 20, 1952 are subjected to a disproportionate tax burden. To arbitrarily raise the assessments on particular properties, disregarding all like properties, or to raise all assessments within a limited area, disregarding all properties outside that area, and within the taxing district perforce results in arbitrary discrimination, and the court so finds.
As to the failure of the Board to assess the properties at "true value," much could be written pointing out the uniform statutory mandate and citing the many cases holding that "true value" is the lodestar. That question has been set at rest in the instant case by the opinion of Judge Francis, *22 speaking for the Appellate Division. Baldwin Const. Co. v. Essex Co. Bd. of Taxation, supra:
"Our constitution of 1947 appears to have abandoned the rigid standard of true value for assessment purposes. Now the organic law is satisfied by assessment `according to the same standard of value.' Art. VIII, § I, par. 1. In the absence of statutory implementation, however, the constitutional change does not confer any greater jurisdiction on the tax boards. Nor does it have the effect of invalidating all of the `true value' legislation, for plainly such value applied uniformly is consonant with the new language."
For the reasons stated the order of the Essex County Board of Taxation, dated March 20, 1952, is set aside.