43 N.J. Super. 448 (1957)
128 A.2d 877
SUBURBAN DEPARTMENT STORES, A CORPORATION OF NEW JERSEY, PLAINTIFF,
v.
THE CITY OF EAST ORANGE, A MUNICIPAL CORPORATION OF NEW JERSEY, DEFENDANT AND THIRD-PARTY PLAINTIFF, ESSEX COUNTY BOARD OF TAXATION, THIRD-PARTY DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided January 28, 1957.
Mr. Herman J. Harris, attorney for plaintiff.
Mr. Donald Karrakis, attorney for defendant and third-party plaintiff, City of East Orange.
*449 Mr. Grover C. Richman, Jr., Attorney-General of New Jersey, attorney for third-party defendant, Essex County Board of Taxation.
COOLAHAN, J.S.C.
This is an action by a taxpayer against the City of East Orange for the refund of $670.24 which was paid as the result of an allegedly invalid order of the Essex County Board of Taxation on March 10, 1952 increasing the 1952 assessment on the taxpayer's property. The City of East Orange, in turn, has joined the board of taxation as a third-party defendant, seeking a credit on the board's 1952 assessment lists and records in the event a judgment is entered against it in favor of the plaintiff taxpayer.
Plaintiff's suit is predicated upon the decision in the case of Baldwin Const. Co. v. Essex County Board of Taxation, 32 N.J. Super. 18 (Law Div. 1954), affirmed 16 N.J. 329 (1954). In the Baldwin case an order of the Essex County Board of Taxation increasing the assessment on various parcels in the City of East Orange, including the plaintiff's herein, was set aside and vacated as to the properties of the plaintiffs in that action. The plaintiff herein claims that the judgment vacating said order, while it particularizes the properties of the plaintiffs in the Baldwin case, nevertheless is applicable to its 1952 assessment as well by virtue of the fact that the plaintiff's property was similarly affected by the same order of the board of taxation.
The plaintiff admits that it paid its 1952 taxes as increased by the aforesaid order voluntarily and without protest; that it neither appealed the assessment to the county or state boards of tax appeals, nor did it join the successful litigants in the Baldwin case. The defendant city and third-party defendant county board accordingly have made this inactivity on the part of the plaintiff the basis of the following defenses: failure to pursue statutory, administrative remedies; laches; estoppel; and failure to proceed under R.R. 4:88-15(a). They also assert that the judgment entered in the Baldwin *450 case was restricted in its effect to the properties of the plaintiffs in that action.
It should be noted, however, that the plaintiff is not appealing from an assessment on the ground of overvaluation. Rather, it bases its right to recover money back in an action at law upon a prior judicial determination by the Supreme Court that the order increasing the assessment was illegal and the taxes collected thereunder by the city were without warrant in law.
While this type of suit is unique, it is not without precedent in the State, and the right to pursue the recovery of moneys which one alleged to be held illegally by a municipality was permitted in the following cases. Mayor and Alderman of Jersey City ads. Riker, 38 N.J.L. 225 (Sup. Ct. 1876); Mayor and Alderman of Jersey City v. O'Callaghan, 41 N.J.L. 349 (E. & A. 1879); Ocean Grove Camp Meeting Ass'n v. Borough of Bradley Beach, 91 N.J.L. 364 (Sup. Ct. 1918); Hahne Realty Corp. v. City of Newark, 119 N.J.L. 12 (E. & A. 1937); Milmar Estate, Inc. v. Borough of Fort Lee, 36 N.J. Super. 241 (App. Div. 1955).
Other jurisdictions have had problems of a similar nature. In Moffitt v. Reed, 124 Neb. 410, 246 N.W. 853, at page 858 (Neb. Sup. Ct. 1938), we find the following expression:
"When the tax is void, either because the person assessed was not subject to taxation, or because it was assessed for an unlawful purpose, or without compliance with provisions of law imposed, it can be recovered back or treated as void in proceedings to enforce payment of tax. 26 R.C.L. 452, § 408, citing McLean v. Jephson, 123 N.Y. 142, 25 N.E. 409, 9 L.R.A. 493."
It would be manifestly unjust for the city to retain moneys paid by a taxpayer under an assessment that has been declared illegal, and an action at law will lie for the taxes paid on the illegal assessment. To say that the plaintiff should be barred from recovery because it did not join with the other taxpayers in the Baldwin suit would violate the principles of common honesty.
It is interesting to note that the plaintiff took an appeal on the 1953-1954 assessments and was successful in having *451 them reduced to the amount assessed prior to the order of March 20, 1952.
After considering the evidence presented in the trial of this matter and the briefs submitted by counsel for the respective parties, I have concluded that the order of the Essex County Board of Taxation of March 10, 1952, increasing the assessment of the plaintiff's property, was rendered null and void by the judgment in the Baldwin case, even though the properties of the plaintiffs in the Baldwin case were particularized in the judgment. There appears no claim on the part of the defendants that the position of the instant plaintiff and its property in any way differed from that of the plaintiffs and their properties in the Baldwin case. It must necessarily follow, therefore, that the order of the board of taxation, which was admittedly void and illegal as to the Baldwin plaintiffs, can have no greater weight and validity as to the plaintiff herein.
For the aforesaid reasons there will be judgment for the plaintiff against the City of East Orange in the sum of $670.24, without interest, for the municipality acted upon a directive of the county tax board, and judgment for the third-party plaintiff, City of East Orange, against the third-party defendant, Essex County Board of Taxation, for the relief sought in the third-party complaint.