BIANCO, J.T.C.
This is the court’s determination with respect to plaintiffs motion for summary judgment, and defendant’s cross-motion to dismiss the complaint and motion to amend its counterclaim, in the above captioned matter. The relevant facts are as follows:
In or about 1986 plaintiff Essex County Board of Taxation (“the Board”) issued orders to several Essex County municipalities to conduct municipal-wide revaluations. On July 3, 1986 one such order was issued to defendant Borough of Caldwell (“Caldwell”). In that order Caldwell was to complete its revaluation by September 30, 1987, to be effective for the 1988 tax year. The order was subsequently approved and signed by the Director of the Division of Taxation on July 31, 1986. Caldwell never appealed the order; and in the fifteen (15) years that have passed since the order was adopted, Caldwell has taken no steps toward conducting a revaluation. All completion dates set for Caldwell in the order have long since expired. Caldwell has not conducted a municipal-wide revaluation since 1970.
The Board held a meeting on June 24, 1993, with all of the municipalities that had been subject to revaluation orders but had not yet complied. At that meeting the municipalities were directed to appear and show cause why compliance had not occurred. Caldwell claims that the Board agreed to either update or rescind the order based upon a determination of whether or not revaluation was necessary. More than two years would pass before the Board would take further action.
The Township of West Caldwell, a neighboring municipality to Caldwell, conducted a municipal-wide revaluation in 1985. A downward ton in the real estate market afterwards led West Caldwell to conduct a reassessment in 1993. In a 1995 letter to the Board, the Mayor of West Caldwell expressed concern for the fairness of county and school tax apportionment as a result of Caldwell’s (and other municipalities’) failure to comply with revaluation orders. This letter prompted revised discussions among the Board about enforcement of the outstanding 1986 revaluation *591 order against Caldwell and several other noncompliant municipalities. Caldwell claims that West Caldwell’s motives were political.
Those municipalities that failed to comply with revaluation orders, including Caldwell, were among the topics of discussion at the Board’s meeting of January 4, 1996. The minutes of that meeting reflect that subsequent to a discussion with the Deputy Attorney General (“the D.A.G.”) in closed session, the Board reconvened in open session and a motion was made that a letter be sent to the D.A.G. requesting enforcement of the orders against Caldwell and the other noncompliant municipalities. The minutes indicate that while the pending motion was discussed among the Board members, no vote on the motion was recorded. The record shows that the County Tax Administrator would prepare a resolution after the fact. The resulting resolution was dated January 4, 1996 and incorporated the language of the motion made at the meeting. The resolution, signed by the Board President and the County Tax Administrator, exhibited a record of the vote of the Board members that was missing from the minutes.
On February 1, 2001 the Board filed a Complaint in Lieu of Prerogative Writs in the Superior Court to enforce the Board’s 1986 order to be effective for the 2003 tax year. Caldwell filed its Answer and counterclaim on March 12, 2001. The case was subsequently transferred to the Tax Court. On September 6, 2001, the Board moved for summary judgment. On October 2, 2001, Caldwell cross-moved for dismissal of the complaint as untimely pursuant to R. 4:69.
On November 8, 2001 the Board met and adopted a resolution ratifying the January 4, 1996 resolution that corrected any deficiency in the record of the January 4, 1996 meeting. In response, on November 21, 2001, Caldwell moved to supplement its counterclaim with a new count that calls for the Board’s November 8, 2001 resolution to be set aside.
Oral arguments were heard on all issues on October 12, 2001 and November 26, 2001. The court acknowledges receipt of each party’s motion papers and responses thereto. The court will address both parties’ motions and Caldwell’s cross-motion in this *592 opinion.' The analysis begins with a review of Caldwell’s arguments in support of its cross-motion to dismiss the complaint.
A. Caldwell’s Cross-motion For Dismissal Of The Complaint
In support of its cross-motion for dismissal of the complaint, Caldwell presented three arguments: (1) political influence and conflict of interest, (2) violation of the Open Public Meetings Act by the Board, and (3) the complaint was not filed in a timely manner.
1. Political Influence And Conflict Of Interest
Caldwell detailed an elaborate fact pattern of suspicion, intrigue, and accusations with regard to the motivation of the Board in its enforcement of the 1986 order. Caldwell further claims conflict of interest and political collusion between the Mayor of West Caldwell and the County Tax Administrator, who is a resident and former Tax Assessor of West Caldwell.
The court acknowledges that county boards of taxation are not completely devoid of politics. Board members are appointed through a political process by politicians; i.e., the Governor makes the appointment with the advice and consent of the Senate pursuant to N.J.S.A 54:3-2. In fact, specific reference to political parties is made in N.J.S.A. 54:3-2. The statute provides that, “At no time símil more than [a simple majority] of the [Board] members belong to the same political patty.” N.J.S.A. 54:3-2 (emphasis' added). The Tax Administrator, in turn, is appointed by the majority of the bi-partisan members of the Board pursuant to N.J.S.A. 54:3-7.
In establishing county boards of taxation it is reasonable to conclude that the Legislature attempted to balance competing political interests while acknowledging that political considerations would not be completely absent from such boards. However, Caldwell’s suggestion that the Board in this matter acted to enforce its 1986 order due to improper political influence or political motivation is completely without merit. Caldwell has presented only speculation and innuendo but no credible evidence *593 for this court to conclude that the Board has acted improperly in any way.
Caldwell points to the letter from the Mayor of West Caldwell to the Board as a political ploy that was contrived to invoke the Board’s enforcement of the revaluation order against Caldwell. Much to the contrary, the letter sets forth legitimate and reasonable concerns as to the effect and equity of West Caldwell’s county-wide tax burden in the face of other municipalities’ refusal to comply with them revaluation orders. The court is equally unimpressed with Caldwell’s suggestion of conflict of interest and collusion between the Mayor of West Caldwell and the Tax Administrator who lives in and once worked for West Caldwell. If nothing else, the Tax Administrator’s connection to West Caldwell and experience may simply suggest that he was acutely aware of that community’s possible tax burden inequity.
Accordingly, the court finds no merit to Caldwell’s assertions and no basis to dismiss the complaint on such grounds.
2. Violation Of The Open Public Meetings Act By The Board
Caldwell called into question the Board’s resolution of January 4, 1996, by which the Board resolved to enforce the 1986 revaluation order against Caldwell. Caldwell claims that the 1996 resolution was never properly adopted and therefore constitutes a violation of the Open Public Meetings Act (N.J.S.A. 10:4-1, et seq., “the Act”).
N.J.S.A. 10:4-8 of the Act provides in pertinent part:
a. “Public body” means a ... board ... of two or more persons organized under the laws of this State, .. empowered as ¿ voting body to perform a public governmental function affecting the rights, duties, obligations, privileges, benefits, or other legal relations of any person. ..
And N.J.S.A. 10:4-7 provides in pertinent part that:
[T]he right of the public to be present at all meetings of public bodies, and to witness in full detail all phases of the deliberation, policy formation, and decision *594 making of public bodies, is vital to the enhancement and proper functioning of the democratic process; ....
Furthermore, N.J.S.A 10:4-21 provides that:
This act shall be liberally construed in order to accomplish its purpose and the public policy of this State as set forth in section [10:4-7],
A county board of taxation is a board consisting of a minimum of three members organized pursuant to N.J.S.A. 54:3-1 et seq. A county board of taxation is empowered as a voting body pursuant to N.J.S.A. 54:3-25 which provides:
A majority of the members of the board shall constitute a quorum for the transaction of business, and an adjustment agreed to by such majority shall be taken to be the action of the board.
A county board of taxation is an agency of the state, Baldwin Const. Co. v. Essex County Bd. of Taxation, 27 N.J.Super. 240, 99 A.2d 214 (App.Div.1953), whose governmental function affecting the rights, duties, obligations, privileges, benefits or other legal relations of any person is “for the equalization, revision, review and enforcement of taxes,” pursuant to N.J.S.A. 54:3-1.
Based on the foregoing this court finds that the Board is a public body as defined in N.J.S.A. 10:4-8 and is therefore subject to the provisions of the Act.
The Legislature has declared in the Act that actions of public bodies must be taken at public meetings where the public can be present and bear witness. N.J.S.A. 10:4-6. The Act also requires in pertinent part that:
Each public body shall keep reasonably comprehensive minutes of all its meetings showing the time and place, the members present, the subjects considered, the actions taken, the vote of each member, and any other information required to be shown in the minutes by law, ... (emphasis added).
[N.J.S.A. 10:4-14 (emphasis added).]
The resolution called into question by Caldwell is dated January 4, 1996, and exhibits a record of the pm-ported vote by the Board members in favor of the resolution. The resolution directs the D.A.G. to enforce the 1986 revaluation order against Caldwell (as well as orders against other municipalities). The minutes of the meeting on January 4, 1996, however, reflect that while a motion was made to direct the D.A.G. to enforce outstanding revaluation orders, which include a discussion held on the matter, no vote was *595 taken as required by N.J.S.A 10:1-14. In fact, the minutes show that the Tax Administrator would prepare the resolution after the fact. The court need not address whether the Board’s actions with regard to the resolution in question were intentional or merely an oversight. The facts are sufficient to lead the court to conclude that the adoption of the Board’s January 4, 1996 resolution did not, in every detail, conform to the provisions of the Act. More importantly however, the court also concludes that Caldwell’s challenge to that resolution as a violation of the Act does not conform to the provisions of the Act either. N.J.S.A. 10:4—15(a) provides in pertinent part:
Any action taken by a public body at a meeting which does not conform with the provisions of this act shall be voidable in a proceeding in lieu of prerogative writ in the Superior Court, which proceeding may be brought by any person within 45 days after the action sought to be voided has been made public; .
Caldwell’s right to challenge the resolution in question expired sometime in the Spring of 1996. Just as Caldwell let the original 1986 revaluation order go unchallenged, it did not challenge the 1996 resolution when it would have been timely to do so under the Act. Certainly Caldwell’s claim is not actionable nearly six years later.
The court notes that N.J.S.A 10:4-15(a) also provides that:
a public body may take corrective or remedial action by acting de novo at a public meeting held in conformity with this act and other applicable law regarding any action which may otherwise be voidable pursuant to this séclion; .. .
The Board adopted a resolution on November 8, 2001 ratifying the January 4, 1996 resolution and reaffirming its intention to enforce the outstanding order against Caldwell.[2] The defects with the adoption of the January 4, 1996 resolution have effectively been corrected by this subsequent action of the Board as permitted by the Act. Accordingly, the court finds that there is no basis to dismiss the complaint based on a violation of the Act.
*596 3. The Complaint Was Not Filed In A Timely Manner
Caldwell argues that the complaint was filed out of time pursuant to R. 4:69-6(a). That rule provides in pertinent part that:
No action in iieu of prerogative writs shall be commenced later than 45 days after the accrual of the right to the review, hearing or relief claimed____
The exceptions to this rule are contained in R. 4:69-6(b). The court notes that none of the exceptions contained therein pertain to the facts of this case.
Caldwell argues that “the accrual of the right to commence the action ” within the meaning of R. 4:69-6(a) was twelve years ago. Caldwell offers no authority for the proposition that the 1986 revaluation order is not enforceable or that R. 4:69-6(a) is even applicable. No statute, no regulation, no case law, and no compelling argument are offered to support its position. Caldwell’s entire argument rests solely on an attempt to distinguish the facts, but apparently not the decision, in Essex County Bd. of Tax. v. Newark, 340 N.J.Super. 432, 774 A.2d 655 (App.Div.2001) (“the Newark case”), from the present case.
In that case, the Appellate Division upheld the Board’s right to enforce a 1972 order directing Newark to conduct a municipal-wide revaluation to be effective for tax year 1973. Caldwell argues, however, that the timeliness of the original complaint under R. 4:69 was not at issue [in the Newark case] because it was filed immediately after the cause of action accrued when the City did not complete a revaluation for the tax year 1973.
Caldwell is clearly mistaken in its reading of the facts in the Newark case. The initial revaluation order to Newark was approved by the Board on March 1,1972, and subsequently approved by the Director of the Division of Taxation on March 20, 1972. The revaluation in Newark was to be effective for tax year 1973. It was not until March 18, 1974 when the Board filed a Complaint in Lieu of Prerogative Writs against Newark. It is clear’ from the facts in the Newark case that more than forty-five (45) days had passed before legal action was commenced against the City. The Complaint in Lieu of Prerogative Writs against Newark was not *597 filed “immediately” as Caldwell argues. Granted, a lesser amount of time elapsed in the Newark case than in the present one, but the same time restrictions pursuant to R. 4:69-6(a) should have applied according to Caldwell’s argument.
While the timeliness issue under R. 4:69-6(a) was not raised in the Newark case, the court notes in the facts thereof that “[o]n May 8, 1974, the Law Division entered an order directing the City to ‘comply immediately with [the Tax Board’s] order of March 1, 1972. ’ ” Essex County Bd. of Tax., supra, at 435, 774 A.2d 655 (emphasis added).
The premise of Caldwell’s claim fails because it misapplies the facts of the Newark case. Caldwell’s argument is therefore without substance. The court notes that neither Newark nor Caldwell challenged its original revaluation orders when each was adopted. And in both cases, the Board did not seek to enforce its order until well after the forty-five (45) day time period that Caldwell claims is applicable under R. 4:69-6(a) had run. The court in the Newark case upheld the validity and enforceability of a revaluation order that was, at the time of that court’s decision, more than twenty-nine (29) years old. Caldwell has offered no viable argument why this court should rule differently.
Accordingly, Caldwell has provided the court with no basis under any of its arguments to justify the dismissal of the complaint. Caldwell’s cross-motion to dismiss the complaint is therefore denied.
B. The Board’s Motion For Summary Judgment
Summary judgment shall be granted where “there is no genuine issue as to any material fact ... and ... the moving party is entitled to judgment or order as a matter of law.” R. 4:46—2(c). See Judson v. Peoples Bank and Trust, 17 N.J. 67, 74, 110 A.2d 24 (1954). The New Jersey Supreme Court cautioned that “a court should deny a summary judgment motion only where the party opposing the motion has come forward with evidence that creates a ‘genuine issue as to any material fact challenged.’” Brill v. Guardian Life Ins. Co., 142 N.J. 520, 529, 666 A.2d 146 (1995) (quoting R. 4:46-2(c)). “That means a non-moving party cannot *598 defeat a motion for summary judgment merely by pointing to any fact in dispute.” Ibid. “[W]here the evidence is so one-sided that one party must prevail as a matter of law, the trial court should not hesitate to grant summary judgment.” Brill supra, 142 N.J. at 540, 666 A.2d 146 (citations omitted). ‘
In the present case Caldwell disputes whether the 1986 revaluation order is enforceable and yet never challenged the order when it was adopted. For the reasons set forth above, the court finds that Caldwell has offered no compelling argument or legal authority why the order should not be enforced. Caldwell has not come forward with any evidence that creates a genuine issue as to any material fact challenged. The court is satisfied that the decision in Essex County Bd. of Tax., supra, is controlling as to the enforceability of old revaluation orders. Indeed, the court in that case upheld an (order more than twenty-nine (29) years old. Accordingly, this court finds that the 1986 order for Caldwell to conduct a revaluation remains valid and enforceable but will require an adjustment to the compliance schedule dates.
The Board has demonstrated through its papers and oral argument that the material facts of this matter are undisputed and do not raise any genuine issues of material fact which would preclude the entry of summary judgment in its favor. The court finds that the evidence submitted by the Board is so one-sided that it must prevail as a matter of law. That evidence shows that the Board issued an order for Caldwell to conduct a municipal-wide revaluation that was duly approved by the Director of the Division of Taxation. Caldwell has not only failed to take advantage of the right to appeal the order in a timely fashion, it also failed to comply with the order for almost fifteen (15) years and has not conducted a revaluation in more than thirty (30) years. The court finds that the new dates proposed by the Board (Exhibit A of the proposed order) for Caldwell’s compliance with revaluation are attainable and reasonable, with the sole exception of the date for “final specifications to be completedwhich has expired.
Accordingly, the court grants the Board’s motion for summary judgment. Caldwell’s cross-motion to dismiss the complaint is denied and Caldwell’s counterclaim is dismissed. The date for *599 final specifications to be completed as set forth in Exhibit A of the proposed order shall be changed to January 31, 2002. All other dates proposed by the Board as set forth in said Exhibit A shall remain unchanged. Furthermore to assure compliance with the court’s judgment and order, either party may tile a Motion In Aid of Litigants’ Rights pursuant to R. 1:10-3.
C. Caldwell’s Motion To Amend Its Counterclaim
Oral arguments were heard on Caldwell’s motion to amend its counterclaim on November 26, 2001 despite the fact that the motion was made on short notice just days before. Both parties, however, were in agreement that they had sufficiently argued their respective positions on the record.
The court has granted summary judgment in favor of the Board in this matter, and Caldwell’s counterclaim has been dismissed. Accordingly, Caldwell’s motion to amend its counterclaim is moot and is therefore denied.

 The court notes that a separate action by the Board to enforce its order may not have been necessary. The Tax Administrator arguably has the authority to entorce the order as the individual “responsible for the administrative functions of the board" pursuant to N.J.S A. 54:3-16 and N.J.A.C. 18:12(a)-1.13(h)