101 N.J. Super. 244 (1968)
244 A.2d 131
LESTER HANDELSMAN, APPELLANT,
v.
DIVISION OF NEW JERSEY REAL ESTATE COMMISSION, RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued May 20, 1968.
Decided June 6, 1968.
*246 Before Judges GOLDMANN, KILKENNY and CARTON.
Mr. Leonard Adler argued the cause for appellant.
Mr. E. Robert Levy, Deputy Attorney General, argued the cause for respondent (Mr. Arthur J. Sills, Attorney General of New Jersey, attorney).
The opinion of the court was delivered by CARTON, J.A.D.
Lester Handelsman appeals from an order of the Division of New Jersey Real Estate Commission revoking his real estate broker's license and directing that no license be issued to him for a period of five years. The Commission concluded that his conviction in the United States District Court for New Jersey of causing false statements to be made to the Federal Housing Administration, to which he had pleaded nolo contendere, was within the purview of N.J.S.A. 45:15-19.1 necessitating revocation of his license.
N.J.S.A. 45:15-19.1 provides:
*247 "When, during the term of any license issued by the commission, the licensee shall be convicted in a court of competent jurisdiction in the State of New Jersey or any State (including Federal courts) of forgery, embezzlement, obtaining money under false pretenses, extortion, criminal conspiracy to defraud, or other like offense or offenses and a duly certified or exemplified copy of the record in such proceedings shall be filed with the commission, the commission shall revoke forthwith the license by it theretofore issued to the licensee so convicted."
The companion section, N.J.S.A. 45:15-12.1, in pertinent part, provides:
"No license shall be issued by the Commission to any person known by it to have been, within five years theretofore, convicted of forgery, embezzlement, obtaining money under false pretenses, extortion, criminal conspiracy to defraud or other like offense or offenses * * *."
The Commission made the additional determination that appellant's activities demonstrated conduct showing unworthiness and dishonesty, in violation of N.J.S.A. 45:15-17(e), as well as evidencing conduct constituting fraud or dishonest dealing, in violation of N.J.S.A. 45:15-17(1).
The facts are not in dispute. On December 19, 1965 a federal grand jury indicated appellant on a six-count indictment charging him with causing certain false statements to be made and uttered to the Federal Housing Administration and Veteran's Home Administration in connection with applications for various mortgage loans and mortgage insurance, in violation of 18 U.S.C.A. §§ 1010, 1001 and 2. On June 23, 1967 he entered a plea of nolo contendere to the second count of that indictment charging him with willfully and knowingly causing to be made to F.H.A. false statements in a commitment for insurance for the purpose of obtaining a mortgage loan upon premises in Teaneck, New Jersey. He was sentenced to prison for one year but the sentence was suspended. He was also fined $3,000 and placed on probation for two years. The Commission conducted a hearing on September 13, 1967, on the basis of which the order appealed from was issued.
*248 The first point urged by appellant is that the Legislature invalidly delegated law-making powers to the Commission in that there are no adequate standards giving meaning or guidelines to the phrase "other like offense or offenses" as it appears in the statute. On the contrary, we are satisfied that the statute is valid and does not vest legislative or law-making powers in the Commission.
The presence of general terms in the statute does not of itself render it invalid. The test is whether "measured by common understanding it fairly and adequately conveys its meaning to all concerned." Laba v. Newark Board of Education, 23 N.J. 364, 384 (1957). It is sufficiently explicit if it informs "those subject to action thereunder as to the conduct which will render them liable to its penalties." Abelson's Inc. v. New Jersey State Board of Optometrists, 5 N.J. 412, 424 (1950).
The design of the statute was "to create and maintain a commission to scrutinize in general and with care the character, competency, and integrity of license applicants and license holders to the end that in the interest of the public welfare, incompetent, unworthy and unscrupulous persons would be excluded from the real estate brokerage business." Division of N.J. Real Estate Comm'n v. Ponsi, 39 N.J. Super. 526, 532-33 (App. Div. 1956). As the legislative report which accompanied the statute indicates, one of the main purposes of its enactment was the prevention or curtailment of fraudulent practices among brokers and their agents. That business is one in which great trust must be placed in the broker, and those who have a demonstrated history of fraudulent dealings are considered not desirable persons to be engaged in such business. See Ponsi, supra. Compare In re Comm'r of Banking and Insurance v. Parkwood Co., 98 N.J. Super. 263, 268 (App. Div. 1967).
The statute under consideration uses the term "like offense or offenses" in connection with a list of specified offenses: forgery, embezzlement, obtaining money under false pretenses, extortion and criminal conspiracy to defraud. The *249 lack of any greater particularity does not render it invalid. The term "other like offense or offenses" is given specificity by reference to the crimes which the Legislature has thus grouped together. The designated offenses, although unlike in some respects, have the same common characteristic of obtaining money or property from another by means of cheating, fraud or fraudulent device. It is clear that the basis upon which the Legislature grouped these offenses together is this common element. It is a thread which runs through the fabric of each of the crimes thus enumerated. It is equally clear that the Legislature intended to include in this group any other offense in which this common element appears.
In the sections in question the only power granted to the Commission is that of finding or determining whether a conviction in a court of law for an offense described in an indictment or information is the same as the enumerated offenses already defined by statute, or whether the offense upon which the conviction is based is a like offense. The power so conferred is not a power to define or determine what the proscribed conduct should be. It is simply a power to compare a specified offense with the offenses enumerated in the statute and to determine whether a common element exists between them. The standard is the element common to the named offenses. In no fair sense can it be said, as appellant contends, that "the Commission has been delegated the legislative power to declare what shall constitute a crime."
Attributing this meaning to the sections of the statute requiring revocation and denial of license for five years after conviction, it cannot be said that the legislative plan is unclear, that there are no proper standards, or that there has been any illegal delegation of power. There has been no denial of due process because all brokers may readily determine exactly what conduct may result in revocation.
We find no merit in appellant's contention that his false application for F.H.A. insurance of the mortgage loan was not a like offense to the crimes enumerated in N.J.S.A. *250 45:15-19.1. The Commission found as facts that Lester Handelsman had been a holder of a broker's license for a great number of years, was active in the real estate brokerage business and was well-versed in the financing of properties, especially the restrictions concerning the procurement of F.H.A. loans. The Commission's findings refer to the charge of count two of the indictment that the statements were false and made with the intent that the mortgage loan would be insured by F.H.A. It concluded that appellant's activities possessed the elements of obtaining money from another by means of a false device and that the conviction was for a "like offense" within the meaning of the statute. As the Commission points out, while appellant did not directly receive any of the proceeds from the mortgage loan, he did, as a result of his actions, benefit by serving his self interest and receiving a commission for the consummation of the transaction.
It is clear to us that the findings of the Commission were fully justified.
Nor is there any relevancy to appellant's argument that the offense of which he was convicted is not a crime in New Jersey. N.J.S.A. 45:15-19.1 does not stipulate that specific offenses committed in other jurisdictions must be offenses in New Jersey. It requires that if the licensee shall be convicted in any court of competent jurisdiction, whether state or federal, of any of the offenses enumerated or any offense containing the elements or characteristics common to such offenses, he shall lose his license.
Appellant next argues that "a suspended sentence suspends the effect of a conviction in a collateral license revocation proceeding." In effect, he would equate the suspension of the prison term with a pardon. This argument is fallacious.
His conviction was founded on a plea of nolo contendere to the charge in the indictment. As the court said in Kravis v. Hock, 136 N.J.L. 161 (E. & A. 1947), with reference to a similar situation:
*251 "* * * [I]t is immaterial whether that conviction is a result of a plea of guilty, or nolle contendere. The word `conviction' encompasses the sentence after a plea of nolle contendere, not the plea standing alone." (at p. 167)
The basis of the license revocation was the licensee's unworthiness to act as a broker, as evidenced by his record of conviction. His conviction stands and it is that conviction which effects the revocation of the license for five years. Moreover, only the prison sentence was suspended. He was still required to pay a $3,000 fine and was placed on probation for two years.
Appellant's final contention is that the Commission improperly considered the counts in the indictment which were dismissed and that he was therefore not afforded the hearing thereon to which he was entitled under N.J.S.A. 45:15-18. This argument is based upon the Commission's further finding that plaintiff also violated N.J.S.A. 45:15-17(e) and (1). Since the determination that appellant's conviction is a like offense within the meaning of N.J.S.A. 45:15-12.1 (and N.J.S.A. 45:15-19.1) mandated revocation of his license, consideration of these additional charges and the conclusion that there had been additional violations is unnecessary.
Affirmed.