163 N.J. Super. 398 (1978)
394 A.2d 1244
NEW JERSEY STATE PLUMBING INSPECTORS ASSOCIATION, INC., A CORPORATION NOT FOR PECUNIARY PROFIT, PETITIONER-APPELLANT,
v.
PATRICIA Q. SHEEHAN, COMMISSIONER, NEW JERSEY DEPARTMENT OF COMMUNITY AFFAIRS AND STATE OF NEW JERSEY, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued September 25, 1978.
Decided November 1, 1978.
*400 Before Judges ALLCORN, SEIDMAN and BOTTER.
Mr. Francis F. Welsh argued the cause for appellant.
Mr. Dennis J. Krumholz, Deputy Attorney General, argued the cause for respondents (Mr. John J. Degnan, Attorney General, attorney; Mr. Stephen Skillman, Assistant Attorney General, of counsel).
The opinion of the court was delivered by ALLCORN, P.J.A.D.
Under the provisions of the State Uniform Construction Code Act, N.J.S.A. 52:27D-119 et seq., adopted in 1975, the Commissioner of Community Affairs of the State is empowered to adopt rules governing, among other things,
* * * the qualifications or licensing, or both, of all persons employed by enforcing agencies of the State to enforce this act or the code [i.e., municipal construction code enforcement officials], except that plumbing inspectors shall be subject to the rules * * * only insofar as such rules are compatible with such rules and regulations, regarding health and plumbing for public and private buildings, as may be promulgated by the Public Health Council in accordance with Title 26 of the Revised Statutes. [N.J.S.A. 52:27D-124(a)(2)]
Pursuant to such authority, the Commissioner of Community Affairs has promulgated regulations governing and setting forth the examination and licensing requirements of all code enforcement personnel, including plumbing inspectors, and providing standards for educational programs for each of the various specialties of code enforcement officials. N.J.A.C. 5:23-5.1 et seq. Appellant challenges this regulation on the ground that the act does not empower the Commissioner to license, to prescribe licensing qualifications or to prescribe educational and experiential standards for plumbing inspectors. The challenge is founded upon the assertion that such authority is expressly withheld from the Commissioner in the case of plumbing inspectors by *401 the provision of the act which limits the right to promulgate such regulations to those compatible with the "rules and regulations, regarding health and plumbing for public and private buildings, as may be promulgated by the Public Health Council in accordance with Title 26 of the Revised Statutes." N.J.S.A. 52:27D-124(a)(2).
We are dealing with a broad, remedial piece of legislation, the basic purpose of which is to establish and provide for uniform building and construction standards and uniform enforcement policies and practices throughout the entire State. After many years of local control by literally hundreds of municipalities, with varying construction regulations and enforcement policies, the need for the uniformity provided by the act is indeed self-evident. In this light, and in view of the clear language of the statute, the intent of the Legislature to invest the Commissioner of Community Affairs with the power to license all code enforcement officials, including plumbing inspectors, is plainly manifest. The excepting clause quoted above has no application. The licensing of plumbing inspectors has nothing whatever to do with regulations promulgated by the Public Health Council "regarding plumbing for public and private buildings." Each speaks to an entirely different subject matter; there can be and is no incompatibility between them. In re Weston, 36 N.J. 258 (1961), cert. den. 369 U.S. 864, 82 S.Ct. 1029, 8 L.Ed.2d 84 (1962). Moreover, the Public Health Council was not and is not empowered to license plumbing inspectors. Under Title 26 of the Revised Statutes that authority was expressly vested in the State Commissioner of Health. N.J.S.A. 26:1A-41(d), (e).
If any doubt were to remain, it is dispelled by the following provisions of N.J.S.A. 52:27D-126(c):
No person shall act as a construction official or subcode official for any municipality unless the commissioner [of Community Affairs] determines that said person is so qualified except for the following: * * * a person holding on the effective date of this act [February 4, 1976] a valid plumbing inspector's license from the *402 Department of Health pursuant to Title 26 of the Revised Statutes may serve as a plumbing subcode official....
Thus, even upon the dubious assumption that the State Uniform Construction Code Act did not effectively repeal the authority of the Commissioner of Health to license plumbing inspectors from and after the effective date of the act, the above-cited portion of the act makes plain that only plumbing inspectors' licenses which were issued by the Commissioner of Health prior to the effective date of the act will qualify the holders as plumbing subcode enforcement officials. Any such license issued by the Commissioner of Health subsequent thereto would not qualify the holder.
A second regulation adopted by the Commissioner of Community Affairs proscribing certain activities by code enforcement officials, deemed to be in conflict with the proper performance by them of their official duties, also is assailed by the appellant. That regulation, as amended provides [N.J.A.C. 5:23-4.3(c)(6)]:
6. Conflict of interest:

* * * * * * * *
i. No person employed by the enforcing agency as a construction or subcode official, assistant to the construction or subcode official, trainee, inspector or plan reviewer, shall engage in, or otherwise be connected directly or indirectly for purposes of economic gain, with any business or employment furnishing labor, materials, products or services for the construction, alteration, demolition of buildings or structures within the municipality in which he is employed, and in any municipality adjacent to the municipality in which he is employed. The application of this paragraph to adjacent municipalities shall not take effect until July 1, 1978.
ii. Further Rules Are:
(1) Persons subject to paragraph i hereof, shall report any income or benefits received from any business furnishing materials, products, labor or sources for work subject to the regulations to the municipal governing body. For persons appointed prior to the effective date of this amendment, such reporting shall commence not later than one year following the date of their appointment. For persons appointed after the effective date of this amendment, such reporting shall commence not later than 30 days after the date of their appointment. Such reporting shall be upon forms provided by the Department.
*403 (2) Nothing herein shall prohibit a municipality from establishing by ordinance a more restrictive code covering conflict of interest.
iii. This section shall not apply to:
(1) The ownership of stock or other investment instrument in any corporation listed on any national stock exchange;
(2) Any such business or employment outside the State;
(3) Dual employment by two or more enforcing agencies;
(4) Any business or employment which is not subject to the regulations.
Initially, appellant urges that the act does not empower the Commissioner to adopt such a regulation; secondly, that even assuming the existence of such authority, the regulation is invalid because it is "vague, unreasonable, capricious, an abuse of discretion and otherwise illegal and unenforceable." The principal objection involves that portion of the regulation which prohibits a municipal code enforcement official from engaging in private business activities in any aspect of the construction business, in any municipality adjacent to the municipality in which he is so employed.
Honesty and integrity in the performance of their duties is an absolute charge upon public officials and employees. Driscoll v. Burlington-Bristol Bridge Co., 8 N.J. 433 (1952), cert. den. 344 U.S. 838, 73 S.Ct. 25, 97 L.Ed. 652 (1952); Newton v. Demas, 107 N.J. Super. 346 (App. Div. 1969), certif. den. 55 N.J. 313 (1970). We have no doubt whatsoever that the authority to adopt conflict of interest rules and regulations inheres in the Commissioner by virtue of the broad grant to her of the rulemaking power contained in the act. In re Adoption of Regulations, 127 N.J. Super. 295, 304-305 (App. Div. 1974).
Our reading of the regulation reveals no merit to the argument that the regulation is invalid. Given the underlying purposes of the act and its effective breadth, the regulation is reasonably designed to aid in the achievement of those purposes by helping to ensure fair and honest administration and enforcement of the Code. It is not vague; rather, its terms are adequate understandingly to convey *404 to those affected by it the conduct proscribed by it. Handelsman v. N.J. Real Estate Comm., 101 N.J. Super. 244 (App. Div. 1968), certif. den. 52 N.J. 485 (1968). Nor does the regulation deny due process or equal protection to the members of appellant association. Schmidt v. Board of Adjustment, Newark, 9 N.J. 405, 414-415 (1952).
In the light of the foregoing, we are satisfied that the regulations here in question are valid and enforceable. The stay of the enforcement of a portion of N.J.A.C. 5:23-4.3(c)(6)(i) heretofore granted by order of this court dated June 30, 1978, is hereby vacated.