196 N.J. Super. 304 (1984)
482 A.2d 208
WESLEY K. BELL, T/A WES OUTDOOR ADV. CO., PLAINTIFF,
v.
THE TOWNSHIP OF BASS RIVER, A MUNICIPAL CORPORATION IN THE COUNTY OF BURLINGTON, AND THE CONSTRUCTION CODE OFFICIAL AND/OR BUILDING INSPECTOR OF THE TOWNSHIP OF BASS RIVER, DEFENDANTS.
Superior Court of New Jersey, Law Division Burlington County.
Decided June 6, 1984.
*307 Jan M. Schlesinger for plaintiff (Schlesinger, Schlosser, Foy & Harrington, attorneys).
James Den Uyl for defendants (Shackleton, Hazeltine & Dasti, attorneys).

OPINION
HAINES, A.J.S.C.
On July 14, 1980, plaintiff Bell obtained a building permit from the defendant Township of Bass River ["Township"] for the renovation of a billboard claimed by him to constitute a non-conforming use under the local zoning ordinance. On July 18, 1980 the Township, having decided the use was not non-conforming, revoked the permit. In March 1981, Bell requested its reinstatement and thereafter, although the reinstatement request *308 had not been granted, commenced construction which he discontinued when a stop work order was posted by the construction official. On April 26, 1983, Bell appealed the revocation of the permit to the Burlington County Construction Board of Appeals.[1] The Board adopted a resolution on July 15, 1983 denying relief. Bell then commenced the present action seeking a review and reversal of the Board's decision and a judgment declaring the billboard to be a non-conforming use.
The issues address the State Uniform Construction Code Act, N.J.S.A. 52:27D-119 et seq., and regulations issued thereunder. They are of novel impression, involve only questions of law and are disposed of in this opinion which responds to cross-motions for summary judgment.

A. The Right to Appeal to the Superior Court
N.J.S.A. 52:27D-127b provides:
Failure by the board [of appeals] to hear an appeal and render and file a decision thereon within the time limits prescribed in this subsection shall be deemed a denial of the appeal for purposes of a complaint, application or appeal to a court of competent jurisdiction.
The statutes do not provide for an appeal to a court in the event a board does hear and decide an appeal. Regulations adopted by the Commissioner of Community Affairs, however, expressly so provide. N.J.A.C. 5:23-2.37(a)(7) states:
Any party, including the enforcing agency, may within 30 days, appeal from the decision of the board to a court of competent jurisdiction.
May these regulations be adopted absent express statutory authority? I conclude that they may.
N.J.S.A. 52:27D-124 provides in pertinent part as follows:
The commissioner shall have all the powers necessary or convenient to effectuate the purposes of this act, including, but not limited to, the following powers in addition to all others granted by this act:

*309 a. To adopt, amend and repeal, after consultation with the code advisory board, rules: (1) relating to the administration and enforcement of this act....
........
f. To make, establish and amend, after consultation with the code advisory board, such rules as may be necessary, desirable or proper to carry out his powers and duties under this act.
It is apparent that these provisions confer broad regulatory authority upon the commissioner. In New Jersey State Plumbing Inspectors' Ass'n v. Sheehan, 163 N.J. Super. 398 (App.Div. 1978), the court considered the adoption of a conflict of interest provision by the Commissioner of Community Affairs. It held that the regulation was properly adopted under the broad rule-making power granted by the act:
Our reading of the regulation reveals no merit to the argument that the regulation is invalid. Given the underlying purposes of the act and its effective breadth, the regulation is reasonably designed to aid in the achievement of those purposes by helping to ensure fair and honest administration and enforcement of the Code. [Id. at 403.]
Here, provision by regulation for appeals from decisions of the county or municipal boards of appeal rounds out the statutory scheme of enforcement and fair play. It furthers the purposes of the act and is clearly within the broad statutory grant of power to the Commissioner.
Aside from this, the statute must be read as authorizing the present application. Statutes are to be read sensibly for the purpose of carrying out legislative intention. Schierstead v. Brigantine, 29 N.J. 220, 230 (1959). The statute's failure to authorize an appeal from a board decision, while expressly authorizing that procedure when there is a failure to decide, is an oversight permissibly remedied by the court in accordance with the probable legislative intention. Wollen v. Boro. of Fort Lee, 27 N.J. 408 (1958). The statute must be read as authorizing an appeal under both circumstances.
In any event, statutory authority is not necessary for this proceeding. It may be treated, though it is not so designated, as an action in lieu of prerogative writs. It replaces the old writ of certiorari, which permitted review of judicial and administrative *310 actions. McKenna v. N.J. Hwy. Auth., 19 N.J. 270, 274-275 (1955). That proceeding is available here.

B. The Jurisdiction of the Law Division of the Superior Court
The Township argues that the Department of Community Affairs is a branch of the state government, that the Construction Board of Appeals is organized under the Department, and that therefore the Board of Appeals is a state agency. Since appeals from state agencies must be heard by the Appellate Division, R. 2:2-3(a)(2), it is argued that this court has no jurisdiction. The contrary is true. The correct rule is set forth in Baldwin Construction Co. v. Essex Cty. Bd. of Taxation, 27 N.J. Super. 240 (App.Div. 1953), aff'd 16 N.J. 329 (1954), which involved an action in the Law Division seeking review of a decision of a county board of taxation. The Appellate Division said:
The appellant argues that a county board of taxation is a state agency and hence the plaintiffs ought to have proceeded by appeal to the Appellate Division. Undoubtedly the county board of taxation is an agency of the state. So is a local board of health. And a local board of education. Yet we are satisfied that the present case was rightly brought in the Law Division. In the allocation of business between the Law Division and the Appellate Division, proceedings relating to an administrative body with authority confined to a single locality, in this case a county, should be brought in the Law Division even though the defendant may be classified for most purposes as an agency of the State. Baldwin Construction Co., supra, 27 N.J. Super. at 242.
In Mathesius v. Mercer Cty. Improvement Auth., 177 N.J. Super. 626 (App.Div. 1981), the court said: "Actions in lieu of prerogative writs against state agencies with only local jurisdiction may be brought in the Law Division." [at 634] See also, Pfleger v. N.J. State Hwy. Dept., 104 N.J. Super. 289, 291 (App.Div. 1968).
The Burlington County Construction Board of Appeals is an agency with "only local jurisdiction." Its actions are reviewable in the Law Division.

*311 C. The Scope and Standard of Review

(1) By the Board of Appeals
N.J.A.C. 5:23-2.35 describes the appellate rights of an applicant who has been denied a construction permit by a construction official and the procedures to be followed. An application must be filed with the Board of Appeals setting forth the appellant's position. It must refer to the specific sections of the regulations involved, the extent and nature of appellant's reliance upon them; other appropriate data and information may be appended. When an appeal is filed the construction official must make available to the Board of Appeals "the full record of the application below, which shall include a detailed explanation of reasons for the denial of the appellant's request."
N.J.A.C. 5:23-2.36 establishes the Board's procedures. Hearings must be open to the public; the applicant must be given an opportunity to address the board, present testimony, and examine and cross-examine witnesses consistent with reasonable rules of procedure and due process. Hearings are to be recorded and transcripts made available upon request at the expense of the requesting party.
N.J.A.C. 5:23-2.37 establishes the Board's technique for decision. It must hear appeals and render decisions setting forth a statement of reasons to support conclusions reached. Decisions must be available for public inspection. They may affirm, reverse or modify the action below or remand the matter for further proceedings.
It is apparent from these provisions that the Board of Appeals must provide a de novo hearing to appellants, which includes consideration of the record below as supplemented by evidence presented at the Board's hearing. The standard to be applied by the Board in reaching a decision is set forth in N.J.A.C. 5:23-2.37(b)2:

*312 Where an enforcing agency has denied application for a construction permit, the board may reverse or modify such decision upon a finding that such was arbitrary, or based upon an erroneous interpretation of the regulations.

(2) By the Court
No statute or regulation contains any provision concerning the scope of proceedings in this court. The usual rule, applicable to most prerogative writ actions, should therefore be applied: the court is to be confined to the record below, remanding the matter for supplementation if that record is insufficient. Romanowski v. Brick Tp., 185 N.J. Super. 197, 203 (Law Div. 1982). See also, Kotlarich v. Ramsey, 51 N.J. Super. 520 (App.Div. 1958); Bergsma v. Kearny, 24 N.J. Super. 43, 48 (App.Div. 1952); Yellow Cab Corp. v. Passaic, 124 N.J. Super. 570, 583 (Law Div. 1973).
Neither the Legislature nor the Commissioner has fixed any standard to be applied by this court in reaching its decision. The traditional test therefore applies: Was the action below arbitrary or unsupported by substantial credible evidence? In Texter v. Human Services Dept., 88 N.J. 376 (1982), the Supreme Court said:
Judicial review of administrative action is a limited inquiry as to whether the action is arbitrary, capricious and unreasonable, or supported by substantial credible evidence. This limited review prevents the courts from usurping policy decisions from other branches of government. [Id. at 382-383.]
In Mead Johnson & Co. v. So. Plainfield, 95 N.J. Super. 455 (App.Div. 1967), the court said:
We are mindful of the limited scope of our appellate review of determinations of administrative agencies. We may not substitute our independent judgments for that of the board or agency where its findings are supported by substantial evidence, i.e., such evidence as a reasonable mind might accept as adequate to support a conclusion. So, too, it is not our function to weigh the evidence, to determine the credibility of witnesses, to draw inferences and conclusions from the evidence and to resolve conflicts therein. [Id. at 466-467.]
These are the rules to be applied here.

D. The Non-conforming Use
N.J.S.A. 40:55D-68 provides:

*313 Any non-conforming use or structure existing at the time of the passage of an ordinance may be continued upon the lot or in the structure so occupied and any such structure may be restored or repaired in the event of a partial destruction thereof.
Bell claims to have a non-conforming use and, for that reason, to be entitled to a building permit. The Township claims that the use has been abandoned. The issue was not addressed by the Board of Appeals and has never been presented to a zoning board of adjustment. This court is now asked to decide the question. Where does jurisdiction lie? Should Bell be required to exhaust his administrative remedies, if any?
It is apparent that boards of adjustment have been entertaining questions involving non-conforming uses. Zoning cases decided by our courts so indicate, e.g., Kessler v. Bowker, 174 N.J. Super. 478 (App.Div. 1979); Ianieri v. Zoning Bd. of Adj. of East Brunswick, 192 N.J. Super. 15 (Law Div. 1983); Miller v. Board of Adjustment of Boonton Tp., 67 N.J. Super. 460 (App.Div. 1961); Sitgreaves v. Board of Adjustment of Nutley, 136 N.J.L. 21 (Sup.Ct. 1947); Berdan v. City of Paterson, 1 N.J. 199 (1948); Scerbo v. Board of Adjustment of Jersey City, 4 N.J. Super. 409 (App.Div. 1949); North American Building and Loan Ass'n v. Board of Adjustment of New Brunswick, 117 N.J.L. 63 (Sup.Ct. 1936); Schaible v. Board of Adjustment of Milburn, 15 N.J. Misc. 707 (Sup.Ct. 1937). None of these cases, however, has addressed the question of the jurisdiction of the Board of Adjustment to hear non-conforming use issues.
N.J.S.A. 40:55D-70 provides in part that:
The board of adjustment shall have power to:
a. Hear and decide appeals where it is alleged by the appellant that there is error in any requirement, decision or refusal made by an administrative officer based on or made in the enforcement of the zoning ordinance.
Thus, when an administrative officer refuses to issue a building permit, as here, on the ground that a particular use is not nonconforming under the local zoning ordinance, an appeal from the refusal may be taken to the board of adjustment. In short, that board has jurisdiction over such matters. Indeed, it *314 is particularly well equipped to address non-conforming use disputes which involve questions as to when a use commenced, the interpretation of the zoning regulations then in force and the interpretation of present regulations. Local insight and local knowledge may make valuable contributions to decisions. Matters of interpretation are entrusted to boards of adjustment. N.J.S.A. 40:55D-70 provides that they may hear and decide "requests for interpretation of the zoning map or ordinance...." Frequently, applicants for building permits and certificates of occupancy file alternative appeals with boards of adjustment: they request the boards to decide whether a non-conforming use exists and, if not, request the issuance of a variance. Variances, under N.J.S.A. 40:55D-70, are the exclusive province of boards of adjustment and, in some cases, planning boards.
It may be argued that the Construction Board of Appeals has like authority since its appellate jurisdiction is described very broadly in the statutes and regulations. N.J.S.A. 52:27D-127a simply says, in pertinent part: "There shall be a Construction Board of Appeals for each county to hear appeals from decisions by the enforcing agency ...", and further:
When an enforcing agency refuses to grant an application or refuses to act upon application for a construction permit, or when the enforcing agency makes any other decision, pursuant or related to this act or the code, an owner, or his authorized agent, may appeal in writing to the county or municipal or joint board, whichever is appropriate.
Standing alone, these provisions appear to confer the power to decide non-conforming use questions upon Boards of Appeal. Other statutory rules and regulations, however, require the opposite conclusion.
N.J.S.A. 52:27D-131 indicates that "if the application conforms with this act, the code, and the requirements of other applicable laws and ordinances, the enforcing agency shall approve the application and shall issue a construction permit to the applicant." N.J.A.C. 5:23-2.15(b) provides that the application to the township construction official or local enforcing entity for a construction permit must provide a statement that *315 all required state, county and local prior approvals have been given, including such certification as the construction official may require. As one court observed:
The references in the statutes and rules to "other applicable laws and ordinances" refer to standards adopted which may not be appropriate for coverage within the scope of the act. These, obviously, would include compliance with a zoning ordinance or an ordinance requiring connection to a water or sewer system. Home Builders Leage v. Evesham Tp., 174 N.J. Super. 252, 264 (Law Div. 1980).
See also, J.P. Properties v. Macy, 183 N.J. Super. 572 (Law Div. 1982), in which the court held:
This is the so-called "prior approval" rule. It requires the construction official before issuing a permit to build, to satisfy himself, for example, that any required zoning variance has been obtained, or that site plan and subdivision approvals have been granted. [Id. at 577]
These rulings required the construction official in the present case to have a zoning approval exhibited to him before he was required to issue a building permit. This does not require an application to a board of adjustment before any building permit may be issued. It is only when a zoning question arises in the mind of the construction official, e.g., whether a non-conforming use exists, that proof of zoning compliance must be required. In the present case, that proof should have been a certified decision of the local board of adjustment. Consequently, the Construction Board of Appeals, while having broad authority, could not pass upon the non-conforming question. It was the intention of the Legislature that zoning matters affecting construction applications be resolved before permits may be issued by construction officials. This is the meaning of the "prior approvals" requirement.
That brings us to the question of this court's jurisdiction. Should it decide the non-conforming use question? I conclude that it should not. Acceptance of jurisdiction would by-pass the municipal board of adjustment, foreclosing local consideration of the question. That is not to be done lightly; local expertise must be encouraged in zoning matters. Kramer *316 v. Board of Adjustment of Sea Girt, 45 N.J. 268 (1965). The Bass River Township Board of Adjustment has jurisdiction; it should decide the question before this court can act.

CONCLUSION
The necessity for the exhaustion of administrative remedies makes it unnecessary to address any other issues raised in this litigation. Bell must undertake proceedings before the Bass River Township Board of Adjustment before he can expect the construction official to act. Consequently, there is no need for a remand to the Construction Board of Appeals and this action is dismissed.
NOTES
[1] It cannot be determined from the record whether the application to the Board of Appeals was out of time. The Board, in any event, acted and the question of timely appeal has not been raised or considered.