**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5256-18T2

STATE OF NEW JERSEY,

    Plaintiff-Appellant,

v.

PHILIP CARRINGTON,

    Defendant-Respondent.

_____

Submitted May 26, 2020 – Decided June 3, 2020

Before Judges Sabatino and Sumners.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Municipal Appeal No. 31-18.

Jacob V. Hudnut, Chief Municipal Prosecutor, City of Jersey City, attorney for appellant (David J. Labib, Assistant Municipal Prosecutor, on the brief).

Philip Carrington, respondent pro se.

PER CURIAM

This case presents jurisdictional issues arising out of a property owner's efforts to challenge several citations issued against him for fire code violations. As explained in this opinion, the violations were litigated and upheld at an evidential hearing before the local Construction Board of Appeals. The municipality then brought a penalty enforcement action against the defendant property owner in the Municipal Court. The Municipal Court substantially reduced the fines.

The owner then sought review of the modified fines in the Law Division, arguing that the violations were unfounded and, to some extent, based on violations that he had abated. The matter was assigned to the Criminal Part of the Law Division.

After hearing oral argument, the Criminal Part judge remanded the matter back to the Municipal Court for consideration of the merits. The municipality now appeals the judge's order, arguing that the remand is misdirected and that the merits of this case have already been adjudicated with finality.

For the reasons that follow, we vacate the Criminal judge's remand order. We direct this matter be considered instead by a Civil judge in the Law Division, where defendant may file a motion for leave to enlarge the time to challenge the Construction Board of Appeals' findings.

2

## I.

Defendant Phillip Carrington owns a multi-use building on MLK Drive in Jersey City. On September 13, 2017, the Jersey City Bureau of Fire Prevention ("the Bureau") issued Carrington a Notice of Violations and Order to Correct such fire code violations.

The Bureau performed a second inspection of defendant's property on October 2, 2017. It issued another Notice of Violations and Order to Correct to Carrington for additional fire code violations.

The Bureau again re-inspected Carrington's property on October 19, 2017, which revealed to the Bureau that Carrington had not corrected the violations that he was cited for on September 13. The Bureau therefore issued an Order to Pay to Carrington, seeking to have the fines paid in full within thirty days.

Another re-inspection by the Bureau on November 30, 2017, revealed that Carrington had failed to correct the violations that he was cited for on October 2. The Bureau issued another Order to Pay to Carrington, again seeking to be paid in full within thirty days.

All told, Carrington was cited for fifteen violations of the Uniform Fire Code, N.J.A.C. 5:70-1 to -4.2. The alleged violations included: failure to submit wet/dry sprinkler system report, N.J.A.C. 5:70-3, 903.5; failure to submit a fire

alarm report for the building, N.J.A.C. 5:70-3, 907.20.2; failure to submit test reports for battery operated smoke alarms, N.J.A.C. 5:70-3, 907.21.1; failure to submit test report for carbon monoxide detector alarm, N.J.A.C. 5:70-3, 901.6.3; lack of a windowless basement-code complaint fire system, N.J.A.C. 5:70-4.7(h); the exit lights require maintenance, N.J.A.C. 5:70-3, 604.3.1.1; the emergency lighting require maintenance, N.J.A.C. 5:70-3, 604.3.1.1; the fire inspection certificate must be posted in a conspicuous location, N.J.A.C. 5:70-2.5(d); "knox box" required to facilitate emergency access for fire department personal, N.J.A.C. 5:70-3, 506.1; a second code complaint means of egress required,[1] N.J.A.C. 5:70-4.11; a need to provide access to building/premises in order to conduct an inspection, N.J.A.C. 5:70-2.1(c); an open wire splice above the main entrance, N.J.A.C. 5:70-3, 605; and a need to submit a non-life hazard use fee, City Ordinance §14.117.

On January 1, 2018, Carrington appealed these violations and the Orders to Pay to the Jersey City Construction Board of Appeals ("the Board"). The Board conducted a hearing on February 14, 2018.[2] It heard testimony from

---

[1] This violation refers to the required number of exits in a building, dependent upon the number of occupants.

[2] No party ordered a transcript of the hearing.

Inspector Mary Watson from the Bureau and from Carrington about the substance of the code violations.

On February 14, the same day as the hearing, the Board issued a one-page written decision, labeled as a "Resolution." It found "no merit" to Carrington's argument that the violations issued by the Bureau were improper. In particular, the Board found "Inspector Watson's testimony to be credible and that the violations issued by the Bureau . . . were issued properly."

The Board recognized that five violations had been abated by the Bureau after a January 21, 2018 inspection of Carrington's property, but found that ten violations remained unabated.

The Board "impose[d] the full penalty for all violations not corrected after the [thirty-day] period has expired."

Carrington disagreed with the Board's decision and he did not pay the fines it had upheld.

In an effort to collect the outstanding fines, the City issued two summonses to Carrington for penalty enforcement in the Jersey City Municipal Court, pursuant to N.J.S.A. 2A:58-10 to -12, and N.J.A.C. 5:70-2.12A.[3]

---

[3] This regulation provides: "When an owner has been given notice of the existence of a violation and has not abated the violation, that owner shall, in

On December 6, 2018, a penalty enforcement hearing was held in the Municipal Court. A municipal prosecutor appeared for the government and Carrington appeared in his own behalf.

Carrington argued to the municipal judge that several fire code requirements the City's inspectors had cited were not applicable to him, because he was not currently operating a daycare facility out of his building. According to Carrington, as of the time of the inspections, he had merely planned to re-open in the future a daycare facility that he had previously operated on the site in 2010.

The Bureau sought a total penalty for the violations of $10,500. After hearing the parties' presentations, the municipal judge substantially reduced that figure to $1000, consisting of $400 for the first set of violations and $600 for the second set, plus court costs.[4] The municipal judge did not rule on the merits of the violations.

---

addition to being liable to the penalty provided for by N.J.A.C. 5:70-2.12, be liable to a dedicated penalty assessed pursuant to this subsection." N.J.A.C. 5:70-2.12A. The regulation further goes on to detail additional penalties imposed on individuals who fail to abate violations for which they have been cited. Ibid.

[4] Despite the ninety percent reduction in the fines, the City did not attempt to overturn the municipal judge's decision. We gather from its brief that the City

Still contesting the imposition of any fines, Carrington then filed what he styled as a pro se "complaint" in the Law Division in May 2019. He alleged arbitrary enforcement; a violation of his constitutional rights under 42 U.S.C.A. 1981; a violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 to -49; and "vicarious liability."

For reasons that are not entirely clear from the record, Carrington's application was docketed as a "municipal appeal" and assigned to the Criminal Part of the Law Division, despite the civil nature of the issues.[5] The Criminal judge heard oral argument on the matter. An assistant Hudson County prosecutor appeared for the City and Carrington represented himself.

Carrington argued to the Criminal judge that the Municipal Court had improperly upheld violations for items that he had already abated. The prosecutor did not substantively respond to Carrington's argument. Instead, the prosecutor questioned whether the case was in the correct venue "because it really has nothing to do with any criminal law."

_____

at this point is only seeking to enforce and collect the revised penalty of $1000, plus court costs.

[5] We suspect the assignment was based on the pro se submission's labeling as a "criminal" matter.

The Criminal judge then issued successive oral and written rulings remanding the case to the Municipal Court. The judge observed that the Municipal Court had only focused on the quantum of the penalty, and had "made no determination as to whether or not violations actually occurred." Accordingly, the judge vacated the fines imposed on Carrington and remanded the case to the Municipal Court to address "the merits" of the code violations.

The City now appeals, arguing that the Criminal judge erred in remanding the matter to the Municipal Court. The City maintains that the merits of the case have already been adjudicated with finality, because Carrington did not seek review of the Board's findings within the forty-five-day deadline specified in Rule 4:69-6(a). The City urges that we reinstate the fines and order Carrington to pay them. Carrington, meanwhile, reiterates that he committed no violations and that it is unjust to enforce the penalties imposed against him.

## II.

The stated purpose of the Uniform Fire Safety Act ("UFSA"), N.J.S.A. 52:27D-192 to -213, enacted in 1983, is to create a "uniform, minimum, fire safety code" to "protect the lives and property of the State's citizens," ensure "uniform" and "thorough . . . fire safety inspections," and provide "swift and commensurate" penalties for violations. N.J.S.A. 52:27D-195. The UFSA "is

remedial legislation . . . and shall be liberally construed to effectuate these purposes." N.J.S.A. 52:27D-193.

As directed by N.J.S.A. 52:27D-210(a)(1), "[n]o person shall . . . [o]bstruct, hinder, delay or interfere by force or otherwise with the . . . local enforcing agency in the exercise of any power or the discharge of any function or duty under the provisions of [UFSA.]"  Under N.J.S.A. 52:27D-210(b)(1), a person who violates a provision of N.J.S.A. 52:27D-210(a) "shall be liable to a penalty of not more than $5,000 for each violation."

To implement the UFSA, the Legislature specifically instructed the State Department of Community Affairs ("DCA") to "promulgate . . . regulations to [e]nsure the maintenance and operation of buildings and equipment in such a manner as will provide a reasonable degree of safety from fire and explosion." N.J.S.A. 52:27D-198(a).

Pursuant to these legislative mandates, the DCA adopted the Model Code of the International Code Council as the State Fire Prevention Code for New Jersey (known as the "Uniform Fire Code"), subject to certain modifications set forth in N.J.A.C. 5:70-3.2.  See N.J.A.C. 5:70-1.1 to -4.20.  The Uniform Fire Code is designed "for the safeguarding to a reasonable degree of life and

property from . . . conditions hazardous to life or property in the use or occupancy of building or premises." N.J.A.C. 5:70-1.3(a).

If full payment of penalties imposed for violations of the Uniform Fire Code is not made within thirty days, the matter is referred to the municipal attorney for summary collection, pursuant to the Penalty Enforcement Law, N.J.S.A. 2A:58-10 to -12. See Dep't of Envtl. Prot. v. Alsol Corp., 461 N.J. Super. 354, 365 (App. Div. 2019); certif. denied __ N.J. __ (2020) (noting an administrative agency's option of seeking to enforce monetary penalties in a summary proceeding in either the Superior Court or in the Municipal Court having territorial jurisdiction).

The DCA regulations provide for a right to a hearing to contest violations cited under the Uniform Fire Code. Specifically, N.J.A.C. 5:23A-2.1(a) provides that "[a] person who is aggrieved by any ruling, action, notice order or decision of a local enforcing agency that enforces . . . the Uniform Fire Code . . . may file an application for a hearing with the secretary of the construction board of appeals having jurisdiction." Further, "[a]ny such application shall be filed by the 15th day after receipt by the person of written notice of the ruling, action, order or notice complained of . . . ." N.J.A.C. 5:23A-2.1(a)(1).

N.J.A.C. 5:23A-2.2 establishes the hearing procedures for the Construction Board of Appeals. The regulation provides that "[a]ll parties to any dispute shall be accorded full opportunity to address the construction board of appeals, present testimony and examine and cross-examine witnesses, consistent with reasonable rules of procedure and due process." All testimony "shall be under oath," and "parties shall be allowed to appear through legal counsel." Ibid. Both parties "shall be allowed to present witnesses and offer evidence," and "any board member may question any witness at the conclusion of that witness' questioning by the parties." N.J.A.C. 5:23A-2.2(e)(1).

Notably here, N.J.A.C. 5:23A-2.3(d) provides an avenue for an aggrieved party to seek relief from a ruling by a Construction Board of Appeals. That regulation provides that "[a]ny party, including an enforcing agency, may appeal from a decision of a construction board of appeals to the Law Division of the Superior Court within the time allowed by the rules of court."[6]

---

[6] In addition, the regulation specifies that the "local enforcing agency shall immediately comply with the ruling of the construction board of appeals unless a stay is obtained either from the board or from the Superior Court." N.J.A.C. 5:23A-2.3(d)(1). There is no indication in the record before us that such a stay was sought here.

Although the regulation uses the term "appeal" in describing the manner for obtaining judicial review of a decision of a Construction Board of Appeals, a more precise description is for an aggrieved party to bring a civil action in lieu of prerogative writs in the Law Division under Rule 4:69. This procedure was detailed in Bell v. Tp. of Bass River, 196 N.J. Super. 304 (Law Div. 1984), which made clear that the proper method to "appeal" rulings by a Construction Board of Appeals is for the challenger to file an action in lieu of prerogative writs in the Law Division. Id. at 310.[7]

Although the "appeal regulation," N.J.A.C. 5:23A-2.3(d), does not specify which Part of the Law Division should hear the case, civil actions seeking to overturn decisions by a Construction Board of Appeals should be decided by a Civil judge, not a Criminal judge, in the Law Division. That is because of the inherent civil nature of such proceedings brought under Part IV of the Rules of

---

[7] See also Mathesius v. Mercer Cty. Improvement Auth., 177 N.J. Super. 626, 634 (App. Div. 1981) (more generically stating that "actions in lieu of prerogative writs against state agencies with only local jurisdiction may be brought in the Law Division."). A Construction Board of Appeals is such an agency of local jurisdiction. See also Caldwell Terrace Apartments, Inc. v. Borough of Caldwell Twp., 224 N.J. Super. 588, 595 (App. Div. 1988) (in which we analogously noted that a plaintiff challenging the imposition of penalty imposed by a local Rent Review Board can do so by filing an action in lieu of prerogative writs in the Law Division).

Court.  See Rule 4:1 (declaring that the scope of "[t]he rules in Part IV, insofar as applicable, govern the practice and procedure of civil actions in the Superior Court, Law and Chancery Divisions . . .").

The City argues that Carrington missed his opportunity to pursue such judicial review here, because he did not file an action in lieu of prerogative writs within forty-five days of the Board's February 14, 2018 decision, as specified under Rule 4:69-6(a).[8]

Although Carrington did not file such a civil action, we are not prepared on the present incomplete record to declare his right to file such an action is time-barred.  We leave the door open to potentially enable such an action for several reasons.

Subsection (c) of Rule 4:69-6 permits a trial court to enlarge the forty-five-day filing period "where it is manifest that the interest of justice so requires."  That assessment is commonly fact-dependent on the particular circumstances involved, and the explanation proffered for missing the deadline. See Hopewell Valley Citizens' Grp., Inc. v. Berwind Prop. Grp. Dev. Co., LP,

---

[8]  As a general limitation, Rule 4:69-6(a) states that "No action in lieu of prerogative writs shall be commenced later than 45 days of the accrual of the right to the review, hearing or relief claimed, except as provided by paragraph (b) of this Rule."

204 N.J. 569, 584 (2011); Cohen v. Thoft, 368 N.J. Super. 338, 345-47 (App. Div. 2004).

We cannot tell from this record whether Carrington was supplied with notice of his right to appeal the Board's decision, or advised of the time limits for doing so. We have not been provided with a transcript of the hearing before the Construction Board of Appeals and do not know whether the Board advised the parties on the record about the right of appeal. The Board's resolution makes no mention of the right of appeal.[9] We do not know if the resolution was accompanied by a cover letter or memorandum that provided notice of the right to proceed in the Law Division to challenge the decision.

The record also is uninformative about whether Carrington, a self-represented litigant, had actual knowledge of his right of appeal under N.J.A.C. 5:23A-2.3(d), or the forty-five-day deadline for filing such a challenge in the Law Division. There is no certification from him attesting about his awareness of his appellate rights, or lack thereof. Because Carrington has vigorously contested the violations before the Board, the Municipal Court, and the Criminal

---

[9] N.J.A.C. 5:23A-2.3(j) sets forth what the written decision from the Board must contain. It does not require the parties be advised by the Construction Board of where to file an appeal or the time limit for doing so. Even so, the inclusion or provision of such notice is an equitable, albeit not dispositive, consideration if enlargement of time for appeal is sought.

A-5256-18T2

Part judge, it would be consistent with his pattern of conduct that he would have filed an action in lieu of prerogative writs if he had known about that procedure.

That said, we are not resolving here whether the time for review in the Civil Part should be enlarged under Rule 4:69-6(c). That can be decided on a fuller record, with associated credibility determinations if necessary, by a Civil judge.

We therefore vacate the Criminal Part judge's order remanding this case to the Municipal Court for consideration of the merits. The case is remanded to the Civil Part of the Law Division, or if the amount in controversy is shown to be under that court's monetary jurisdiction, the Special Civil Part.[10]

Carrington shall have forty-five (45) days from the date of this court's opinion to file a motion for enlargement under Rule 4:69-6(c) and an accompanying complaint in lieu of prerogative writs. If he fails to do so, or if the court denies the motion for enlargement, the Civil judge shall not consider the merits and will only consider in a summary manner the quantum of the fines under the Penalty Enforcement Law and any factual issues concerning non-compliance with the Board's determination.

---

[10] It appears that the amount presently at stake is within the Special Civil Part's jurisdiction, but we leave that assessment to the vicinage's presiding Civil judge to ascertain.

If, on the other hand, enlargement of time is granted, the Civil judge will proceed to consider Carrington's challenge to the merits of the Board's decision. Carrington will be responsible to obtain at his expense a transcript of the Board hearing for the Civil judge's review.

We need not comment on the rest of the parties' respective arguments. Any open issues must be adjudicated on remand by the designated Civil judge in the Law Division.[11]

Vacated and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[11] If feasible, we recommend the Civil judge conduct a case management conference within thirty days to plan any further proceedings.

A-5256-18T2

A-5256-18T2